920 So.2d 513 (2006)
MAULDIN COMPANY, Appellant
v.
LEE TRACTOR CO. OF MISS., INC., Appellee.
No. 2004-CA-02150-COA.
Court of Appeals of Mississippi.
January 24, 2006.
*514 Steven Joel Johnson, attorney for appellant.
Wayne L. Hengen, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Lee Tractor Company of Miss., Inc. is a retail dealer for farm equipment. Mauldin Company has conducted business with Lee since 1995.
¶ 2. In December of 2000, Richard Mauldin, who owns Mauldin Company, called Lee to obtain a quote on an Alamo mower in response to an advertised notice for bids from the Lamar County board of supervisors. Jerry Carter, a Lee sales representative, quoted Mauldin the prices on three types of mowers made by Alamo. Mauldin thought that the quote on the Alamo Hydro 60 rear mower was too high, and Carter informed him that it cost $7,934 for the single unit. Mauldin insisted that Carter verify the price whether the price was for one machine or two. Mauldin and Carter did not further clarify the price issue prior to Mauldin's submitting a bid to Lamar County on January 2, 2001.
¶ 3. On January 3, Lamar County issued a purchase order to Mauldin, and Mauldin called Quinn Howard, the manager at Lee's Gulfport branch, to inform him that Mauldin Company won the bid. Mauldin ordered three boom mowers, two side mowers and one rear mower. Howard then sent Mauldin a form which reflected the quantity and the prices and instructed Mauldin to verify both. The form also requested that Mauldin Company issue Lee a purchase order for Lee's files if Mauldin Company utilized them. Howard's form was dated January 5, 2001, and reflected that one Alamo Hydro 60 rear mower cost $7,934. The total price for all of the equipment purchased was $68,377. Mauldin Company did not issue a purchase order, and Mauldin added an additional Alamo Hydro 60 rear mower. Mauldin signed and faxed the adjusted form to Lee with a note instructing Lee to "note the quantity change on rear mower!" Neither Mauldin nor Lee modified the price to reflect the purchase of the additional rear mower.
¶ 4. In March and April of 2001, Alamo delivered the two rear mowers to Mauldin Company, and the next month Lee invoiced Mauldin Company for $76,311. Lamar County paid Mauldin Company in July, and Mauldin paid Lee $68,377 that month for the equipment. Lee accepted the $68,377 as a partial payment, sending Mauldin Company a letter demanding payment of the $7,934 balance.
*515 ¶ 5. When no payment was received, Lee filed suit in the County Court of Harrison County, to which Mauldin Company filed a counter-claim alleging that Lee failed to provide safety glass panels for the tractors and the expertise for installing the safety panels. Mauldin Company also alleged that the tractors were missing a number of parts.
¶ 6. The parties waived a jury trial, and after the bench trial the trial court ruled in Lee's favor. Mauldin Company appealed to the Harrison County Circuit Court and the circuit court affirmed the judgment. It is from this ruling that Mauldin Company appeals, arguing the following three assignments of error: (1) that the lower courts erred in finding that this was a claim on an open account and not a claim based on the signed contract between the parties; (2) that the lower courts erred in failing to enforce the written contract between the parties; and (3) the trial court erred in ruling that Mauldin Company failed to prove consequential damages resulting from Lee's breach of the sales contract, and the circuit court erred in affirming the judgment.
¶ 7. Finding error, we reverse and remand for a new trial.

STANDARD OF REVIEW
¶ 8. The county court is the finder of fact, and we, like the circuit court, are bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong. CEF Enterprises, Inc. v. Betts, 838 So.2d 999, 1002(¶ 10) (Miss.Ct.App.2003) (citing Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990)). Such findings may not be disturbed on appeal provided there is substantial supporting evidence in the trial record. Id. The existence of a contract is a question of fact that is to be determined by a jury, or a trial judge when a trial is conducted without a jury. Hunt v. Coker, 741 So.2d 1011, 1014(¶ 6) (Miss.Ct.App.1999) (citing 75A Am.Jur.2d Trial § 791 (1991)).

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN FINDING THAT THIS WAS AN ACTION BASED UPON AN OPEN ACCOUNT AND DID THE CIRCUIT COURT ERR IN AFFIRMING THE RULING?
¶ 9. "`Open account' has been given various definitions, but it is generally held to mean an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions." Westinghouse Credit Corp. v. Moore, McCalib, Inc., 361 So.2d 990, 992 (Miss.1978). An open account is a "type of credit extended through an advance agreement by a seller to a buyer which permits the buyer to make purchases without a note of security and is based on an evaluation of the buyer's credit." Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 914 (Miss.1993). In Cox, our supreme court found an open account when the customer signed an agreement allowing him to make purchases over several years without engaging in separate transactions. Under Mississippi Code Annotated Section 11-53-81 (Rev.2002), Lee is entitled to recover attorney's fees if the action is one to collect money owing on an open account.
¶ 10. The county court ruled that this was an action on an open account, yet nothing in the record indicates that the transaction was predicated upon Mauldin Company's credit or an advance agreement to allow purchases on credit. At trial Howard testified that Mauldin Company had an account with Lee for "whole goods" or machines, yet there is no evidence *516 of this account, save for this single transaction. Additionally within the context of Mississippi Code Annotated Section 11-53-81, an account is not considered an open account absent a final and certain agreement on price. McLain v. West Side Bone and Joint Center, 656 So.2d 119, 123 (Miss.1995). We agree with Mauldin Company's contention that this action is more properly characterized as an action in contract. Thus, the trial court's ruling and the judgment regarding attorney's fees were in error.
¶ 11. The elements of a valid contract are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. Rotenberry v. Hooker, 864 So.2d 266, 270(¶ 13) (Miss.2003). The trial court improperly found that this was an action on an open account; therefore, a new trial is necessary to determine the terms of the contract, whether the parties mutually assented to the terms of the contract, and whether there was a breach of the contract.

II. DID THE TRIAL COURT ERR IN FAILING TO ENFORCE THE WRITTEN CONTRACT AND DID THE CIRCUIT COURT ERR IN AFFIRMING THE RULING?

III. DID THE TRIAL COURT ERR IN RULING THAT MAULDIN COMPANY FAILED TO PROVE CONSEQUENTIAL DAMAGES AS A RESULT OF LEE'S BREACH AND DID THE CIRCUIT COURT ERR IN AFFIRMING THE RULING?
¶ 12. Discussion of these issues is not necessary, as we are reversing due to the trial court's erroneous ruling as discussed in Section I of this opinion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.