CARLSON, Presiding Justice, for the Court:
¶ 1. Precious Martin and Associates, PLLC (Martin) contracted with T. Jackson Lyons & Associates, P.A. (Lyons)[1] to handle appeal work on several of Martin’s cases. After Martin stopped paying for the work, Lyons filed a complaint in the County Court for the First Judicial District of Hinds County alleging breach of *446 contract and claiming $14,543.19 owed on open account. The county court awarded Lyons $14,548.19 in damages and $4,847.78 in attorney’s fees. Martin appealed to the Circuit Court for the First Judicial District of Hinds County, claiming that the trial court erred in awarding attorney’s fees. The circuit court reversed the county court judgment on the basis that the agreement between the law firms was an oral contract, not an open account, such that attorney’s fees should not have been awarded. Aggrieved, Lyons has appealed to this Court.
FACTS AND PROCEDURAL HISTORY
¶ 2. From May 2006 through August 2007, Martin had contracted with Lyons for Lyons to perform certain appeal work on several of Martin’s cases. Martin had submitted payment in response to each invoice that Lyons sent until June 2007. At that time, Lyons was co-counsel with Martin on an appeal before the Mississippi Supreme Court. Lyons withdrew from the case because Martin had failed to pay for Lyons’s work and Lyons felt that he had a conflict of interest in the case. Lyons, and later his attorney, continued to seek payment from Martin to no avail.
¶ 3. On August 25, 2008, Lyons filed a complaint in the County Court for the First Judicial District of Hinds County for the amount owed. Lyons alleged breach of contract and claimed $14,543.19 was owed on an open account. Martin filed an answer in response to the complaint but did little else to participate in the proceedings. Martin failed to respond to interrogatories and requests for production of documents. He submitted insufficient, and apparently false, responses to requests for admission. He did not appear for a deposition and refused to provide alternative dates for the deposition. Martin did not respond to motions and failed to attend at least two hearings of which he had proper notice. Lyons’s attorney repeatedly attempted to reach Martin throughout the proceedings, but Martin would not accept or return his telephone calls or respond to correspondence.
¶ 4. Lyons filed a motion to compel, and the county court judge ordered Martin to respond to discovery and appear for a deposition. Martin filed a motion to reconsider, which was denied. Martin failed to comply with the order, and Lyons filed a motion seeking to prohibit Martin from introducing at trial anything that could have been produced in discovery. The court granted the motion. A bench trial was held on September 2, 2009, and both Lyons and Martin testified. The county court entered its judgment on November 12, 2009, awarding Lyons $14,543.19 in damages as well as $4,847.73 in attorney’s fees, plus interest and costs. Martin filed a motion for a new trial, which was denied on February 4, 2010. On the same day, Martin filed a notice of appeal to the circuit court.
¶ 5. On February 22, 2010, Martin filed his designation of the record on appeal and designated the entire record as necessary for the appeal. Martin gave $450 in cash to the court clerk for the estimated cost of preparing the record, and he filed a certificate of compliance in accordance with Mississippi Rule of Appellate Procedure 11(b)(1). However, Martin refused to pay for the trial transcript, so it was not included and was not available for the circuit court to review. Martin also filed a motion to waive supersedeas bond and for a stay or injunction as to execution of the county court judgment pending the appeal. In support of that motion, Martin claimed that he was unable to obtain a bond from his bonding company and that he had legitimate grounds for appeal. A hearing on *447 this motion was held on February 25, 2010, and the county court entered an order requiring Martin to post a bond in the amount of $1,000. Martin gave the court clerk a check for $1,000.
¶ 6. On March 12, 2010, Lyons filed a motion to dismiss the case in the circuit court, claiming lack of subject matter jurisdiction on the grounds that Martin had not filed an appeal bond. Lyons claimed that the county court order regarding Martin’s motion to waive supersedeas bond did not state that the $1,000 bond would supersede the judgment. It was Lyons’s position that Martin did not submit any form of bond to the clerk for approval. Lyons asserted that, under Mississippi Code Section 11-51-79 (Rev.2002), Martin had thirty days from entry of the order denying his motion for a new trial to perfect his appeal in the circuit court, which included providing a bond, and that Martin had failed to do so. Martin responded that the $1,000 was sufficient and that the circuit court had jurisdiction. In his rebuttal, Lyons claimed that bonds are not cash; they are written obligations for which the Mississippi Rules of Appellate Procedure provide a form. Lyons again stated that bonds are jurisdictional and that the circuit court lacked jurisdiction due to Martin’s failure to post a bond. Lyons’s motion to dismiss was denied on June 7, 2010.
¶ 7. The appeal continued in the circuit court, and the parties submitted briefs. Martin’s sole issue on appeal was whether the trial court had erred in awarding attorney’s fees. Martin did not contest the damages awarded. Martin claimed that the agreement between the parties was contractual, not an open account, and that attorney’s fees are not available under Mississippi Code Section 11-53-81 (Rev. 2002) where the claim is based on a contract rather than on an open account. Lyons responded that, although the county court did not state the reason for the award of attorney’s fees, there were “at least three independent bases for the award.” Those bases were that (1) Lyons had proved that the matter dealt with an open account; (2) Martin’s contempt of court during the proceedings warranted sanctions under Mississippi Rule of Civil Procedure 37; and (3) Martin had failed to admit in his responses to requests for admission matters that later were proven at trial, thus an award of reasonable expenses was proper under Mississippi Rule of Civil Procedure 37(c).
¶ 8. On December 9, 2010, the circuit court entered its order reversing the county court judgment on the grounds that attorney’s fees should not have been awarded, because the agreement between the law firms, was an oral contract, not an open account. Lyons appealed to this Court.[2]
DISCUSSION
¶ 9. Lyons presents two issues on appeal: (1) whether the circuit court had jurisdiction of the appeal from county court; and (2) whether the county court’s award of attorney’s fees was proper.
¶ 10. Factual determinations made by any trial judge (be it a county, circuit, or chancery judge) sitting without *448 a jury are accorded the same deference as that given to a chancellor, thus, on review, this Court employs the substantial-evidence standard. See e.g., Setzer v. State, 54 So.3d 226, 230 (Miss.2011). “We will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous[,] or an erroneous legal standard was applied.” Classic Coach, Inc. v. Johnson, 823 So.2d 517, 520 (Miss.2002) (quoting Church of God Pentecostal, Inc. v. Freewill Pentecostal Church of God, Inc., 716 So.2d 200, 204 (Miss.1998)). However, jurisdictional matters are questions of law, which are reviewed de novo. Tyson Breeders, Inc. v. Harrison, 940 So.2d 230, 232 (Miss.2006). A trial judge’s award of attorney’s fees is reviewed under the abuse-of-discretion standard. Miss. Power & Light Co. v. Cook, 832 So.2d 474, 486 (Miss.2002).
I. Whether the circuit court had jurisdiction over the appeal from county court.
¶ 11. Lyons argues that filing an appeal bond in an appeal from county court is required by Mississippi Code Section 11-51-79 (Rev.2002), and that the circuit court does not have jurisdiction over a matter in which the appellant has failed to post the required bond. Lyons maintains that the record on appeal does not reflect that Martin filed any bond, therefore, the circuit court did not have subject matter jurisdiction,[3] and the appeal should have been dismissed. Notably, Martin failed to address this issue in his reply brief.
¶ 12. Mississippi Code Section 11-51-79 applies to appeals made from county court, and it provides, in pertinent part:
.... Appeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court on application made therefor and bond given according to law, except as hereinafter provided. Such appeal shall operate as a superse-deas only when such would be applicable in the case of appeals to the Supreme Court.... Appeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court....
Miss.Code Ann. § 11-51-79 (Rev.2002). According to this statute, a party seeking to appeal a county court judgment must do so within thirty days of the entry of the judgment. Id. Within that time, the appellant must file notice of the appeal and post a bond. Id.
¶ 13. The parties in this case use the term “appeal bond” interchangeably for “supersedeas bond” and “cost bond,” The same is true of the language used in prior cases. This is problematic, because these terms are not synonymous. The bond required to perfect an appeal is a cost bond, which is sometimes referred to as an appeal bond. The bond required to obtain a stay of execution of a judgment while the judgment is being appealed is a supersede-as bond, also referred to as an appeal bond. The following discussion of appeal bonds, cost bonds, and supersedeas bonds is intended to provide clarity.
A. Appeal Bonds, Cost Bonds, and Supersedeas Bonds
¶ 14. The purpose of a cost bond is to cover the cost of the appeal, including preparing the record from the court below. Title 11, Chapter 51 of the Mississippi *449 Code sets forth the rules applicable to appeals. One such rule is that the appellant is required to prepay the costs of preparing the record on appeal. Miss. Code Ann. § 11-51-29 (Rev.2002). The Uniform Rules of Circuit and County Court Practice (URCCC) refer to this as the “cost bond” and include the same requirement that the appellant “shall pay all court costs incurred below and likely to be incurred on appeal.” URCCC 5.09. “Cost bond” is defined as a “bond given by a litigant to secure the payment of court costs.” Black’s Law Dictionary 200 (9th ed. 2009). Payment of the costs of preparing the record satisfies this “bond.” Sumner v. City of Como Democratic Executive Comm., 972 So.2d 616, 619 (Miss.2008). Because parties typically pay this cost rather than posting a bond for the amount, it has been said that there is no longer a “bond” for prepayment of costs. L. Mun-ford, Mississippi Appellate Practice § 7.2 (citing Miss. R.App. P. 7 cmt. and Miss. Code Ann. § 11-51-29).[4]
¶ 15. Mississippi Code Section 11-51-79 provides that on appeal from county court, the appellant is required to file notice of the appeal and post a bond within thirty days of the entry of the judgment. That statute specifically states that the appeal does not operate as a supersedeas unless it would be before the Supreme Court.[5] Miss. Code Ann. § 11-51-79 (Rev.2002). Thus, the bond required for appeals from county court is a cost bond, not a supersedeas bond. This cost bond is commonly referred to as an appeal bond. See Johnson v. Evans, 517 So.2d 570, 570-71 (Miss.1987) (referring to the bond required by Mississippi Code Section 11-51-79 as an appeal bond); Williams v. Michael, 319 So.2d 226, 227 (Miss.1975) (same); Parkman v. Miss. State Highway Comm’n, 250 So.2d 637, 638 (Miss.1971) (same).[6]
¶ 16. The appellant is required to give a cost bond in all appeals to cover the cost of preparing the record. However, if the appellant hopes to supersede the judgment, a supersedeas bond must also be posted. URCCC 5.08 provides that “the perfecting of an appeal ... does not act as supersedeas.” Perfecting the appeal includes filing the notice of appeal and giving a cost bond. Thus, a supersedeas bond is required in addition to the cost bond when the appellant hopes to supersede the judgment. A supersedeas bond is meant to cover the entire amount of the judgment in the event that the appellant is not successful, while a cost bond is meant to cover only the cost of preparing the record.
¶ 17. “Supersedeas bond” is defined as “[a]n appellant’s bond to stay execution on *450 a judgment during the pendency of the appeal.” Black’s Law Dictionary 202 (9th ed.2009). The purpose of the supersedeas bond is to ensure that the appellant will be able to pay the judgment if the appeal is unsuccessful. According to URCCC 5.08, the supersedeas bond must be posted in the amount of 125 percent of the judgment, but “[ujpon application the court may reduce the amount of the supersedeas bond.”
¶ 18. Breaking down the term even further, the word “supersedeas” means a “writ or bond that suspends a judgment creditor’s power to levy execution” on a judgment that is being appealed. Black’s Law Dictionary 1576 (9th ed.2009). A “bond” is a “written promise to pay money” upon the occurrence of a specified event or after a certain length of time. Black’s Law Dictionary 200 (9th ed. 2009). This Court has defined a “bond” as “a pledge or guarantee for the fulfillment of an undertaking.” Sumner, 972 So.2d at 619. Thus, a supersedeas bond is not cash, but instead, it is a written guarantee of payment that serves to stay execution of a judgment being appealed.
¶ 19. Appeals from county court “shall operate as a supersedeas only when such would be applicable in the case of appeals to the Supreme Court.” Miss. Code Ann. § 11-51-79 (Rev.2002). Procedural matters for appeals from county court that are not set forth in rules or statute are governed by the rules applicable to the Mississippi Supreme Court. Allen v. Mayer, 587 So.2d 255, 261 (Miss.1991). Supersedeas bonds are addressed in Mississippi Code Section 11-51-31 (Rev. 2002), which provides that “[a] supersedeas shall not be granted in any case pending before the Supreme Court, unless the party applying for it shall give bond as required by the Rules of the Supreme Court.”
¶ 20. Looking to the rules applicable to the Supreme Court (and the Court of Appeals), Mississippi Rule of Appellate Procedure 8 addresses supersedeas bonds. An appellant is entitled to a stay of execution of a judgment pending appeal only if the appellant provides “a supersedeas bond, payable to the opposite party ... of 125 percent of the amount of the judgment appealed from, conditioned that the appellant will satisfy the judgment complained of and also such final judgment as may be made in the case.” Miss. R.App. P. 8(a). The appellant then would file an “appeal bond with supersedeas” in the court from which the appellant appealed. Miss. R.App. P., Appendix 1, Form 5. Without this, the perfected appeal would proceed without a stay. Rule 11 is the “cost bond” rule, and it provides that the “appellant shall estimate the cost of preparation of the record on appeal” and pay that cost to the court clerk. Miss. RApp. P. 11(b). The appellant must also file a Rule 11 certificate of compliance showing that the cost has been paid. Id. Sample forms for the Rule 11 certificate and the appeal bond with supersedeas are located in the appendix to the rules. Miss. RApp. P., Appendix 1, Forms 3 and 5.[7]
¶ 21. The rules and statutes discussed here do not provide that a supersedeas bond is a requirement of appeal; rather, it is a requirement of receiving a supersede-as writ and a stay of the proceedings. However, the cost bond, or payment of the cost of preparing the record, is a statutory requirement of appeal.
*451 ¶ 22. Statutory bond requirements are jurisdictional issues. Miss. State Pers. Bd. v. Armstrong, 454 So.2d 912, 915 (Miss.1984). See also Carney v. Moore, 130 Miss. 658, 94 So. 890, 891 (1923), and Humphreys v. McFarland, 48 So. 182, 182 (Miss.1909). This Court repeatedly has held that failure to post an appeal bond (being the cost bond required by Mississippi Code Section 11-51-79) within the time permitted by statute results in the circuit court’s lack of appellate jurisdiction. Johnson, 517 So.2d at 571; Williams, 319 So.2d at 227; Parkman, 250 So.2d at 638. This Court has also held in at least one instance that a supersedeas bond is a jurisdictional prerequisite. See Phillips Constr. Co. Inc. v. Miss. State Highway Comm’n, 420 So.2d 1374 (Miss.1982). However, in that case, the appeal was to the circuit court from an arbitration board under Mississippi Code Section 65-2-15, which specifically required giving a super-sedeas bond, making it a jurisdictional prerequisite under that statute. Phillips Constr., 420 So.2d at 1375; Miss.Code Ann. § 65-2-15(2) (Rev.2005).
¶ 23. A cost bond is jurisdictional because it is a statutory requirement for an appeal. A supersedeas bond is not jurisdictional, unless a statute governing a certain type of appeal specifically requires a supersedeas bond. See Phillips Constr., 420 So.2d at 1375-76. Thus, a cost bond (or evidence of payment of the cost of preparing the record) must always be filed to perfect an appeal properly, but where the statute does not require a supersedeas bond, it is not a prerequisite for acquiring appellate jurisdiction.
B. Satisfaction of the Bond Requirement
¶ 24. We now consider whether Martin’s payment of $450 for preparation of the record and payment of a $1,000 bond was sufficient to satisfy the bond requirement of Mississippi Code Section 11-51-79 (Rev.2002). Lyons claims that, because the record on appeal does not include evidence of Martin posting a bond, his appeal was not perfected and the circuit court did not have jurisdiction. Lyons uses the term “appeal bond” but refers to Martin’s motion to waive supersedeas bond and the $1,000 paid by Martin. In his motion to dismiss filed in circuit court, Lyons noted that the order allowing Martin to post bond in the amount of $1,000 did not state that the bond would supersede the judgment. While Lyons uses the term “appeal bond” for the bond requirement of Mississippi Code Section 11-51-79, he appears to be referring to a supersedeas bond. As discussed above, the cost bond required for an appeal and a supersedeas bond are not the same. A cost bond is jurisdictional and a supersedeas bond is not (unless it is required by statute).
¶ 25. The certificate of compliance required under Mississippi Rule of Appellate Procedure 11(b)(1) indicates that Martin paid $450 to the clerk of the county court to cover the cost of preparing the record. This Court has held that giving cash to satisfy a cost bond is sufficient. Sumner, 972 So.2d at 619. In Sumner, the petitioner sought judicial review of an election contest pursuant to Mississippi Code Section 23-15-927. That section requires the petitioner to “give a cost bond in the sum of Three Hundred Dollars ($300.00), with two (2) or more sufficient sureties conditioned to pay all costs in case his petition be dismissed....” Miss.Code Ann. § 23-15-927 (Rev.2007). When Sumner filed her petition, she provided $300 cash instead of a bond naming two or more sureties. Sumner, 972 So.2d at 618. This Court held that Sumner’s “$300 cash payment, in lieu of a promise to pay, satisfied the cost-bond requirement of Mississippi *452 Code Annotated Section 23-15-927 in its entirety.” Id. at 619.
¶ 26. The county court’s order denying Martin’s motion for a new trial was entered February 4, 2010. Martin filed a notice of appeal the same day. Martin gave $450 cash to the court clerk for the estimated cost of preparing the record, and he filed a Rule 11 certificate of compliance on February 22, 2010, which evidenced the satisfaction of the statutory bond requirement. A literal “bond” was not needed, because the cost bond was satisfied in its entirety by the cash payment. Martin’s notice of appeal and evidence of satisfaction of the cost bond were filed within thirty days as required by Mississippi Code Section 11-51-79, and Martin’s appeal was properly perfected. Thus, the circuit court had appellate jurisdiction over the matter.
¶27. Although Martin’s appeal was perfected, “[t]he perfecting of an appeal does not act as supersedeas.” URCCC 5.08. Martin requested and received a reduction in the amount of the supersedeas bond, which is permitted under URCCC 5.08, but he did not file a certificate or any type of notice with the county or circuit court. Martin should have filed an appeal bond with supersede-as with the court clerk to evidence a stay of execution of the county court judgment. It is likely that the supersedeas bond was not properly evidenced in the record and that the stay of execution was not valid. However, that does not affect the circuit court’s appellate jurisdiction.
II. Whether the circuit court erred in reversing the county court’s award of attorney’s fees.
¶ 28. This Court reviews a trial judge’s award of attorney’s fees for abuse of discretion, and the award of attorney’s fees must be reasonable and supported by credible evidence. Cook, 832 So.2d at 486. The county court awarded attorney’s fees to Lyons in the amount of $4,847.73. On appeal to the circuit court, Martin argued that the county court’s award of attorney’s fees was in error because the parties’ agreement had been a contract, not an open account; therefore the trial court did not have authority to award attorney’s fees. Martin argued in the alternative that Lyons had failed to prove that he was entitled to attorney’s fees in the amount awarded, although no evidence was provided in support of that argument. The circuit court reversed the county court judgment on the grounds that attorney’s fees should not have been awarded because the agreement between the law firms was an oral contract, not an open account.
¶ 29. Attorney’s fees can be awarded where statutory authority or a contractual provision provides for an award of attorney’s fees or where punitive damages are also awarded. Id. Lyons maintains that, although the county court did not set forth a basis for the award of attorney’s fees, it had several grounds for the award. Lyons claims that he proved that the matter dealt with an open account, so attorney’s fees were permitted under Mississippi Code Section 11-53-81, which provides that a person who prevails in a suit for payment on an open account is “entitled to reasonable attorney’s fees to be set by the judge.” Miss.Code Ann. § 11-53-81 (Rev.2002). Lyons also claims that the attorney’s fees could have been a sanction, which would have been warranted under Rule 37 of the Mississippi Rules of Civil Procedure based on Martin’s contempt of court and his denial of matters in responses to requests for admission that were later proven at trial.
¶ 30. Both parties cited Mauldin Co. v. Lee Tractor Co. of Mississippi, Inc., 920 *453 So.2d 513 (Miss.Ct.App.2006),[8] which provides the following in regard to open accounts:
“ ‘Open account’ has been given various definitions, but it is generally held to mean an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions.” Westinghouse Credit Corp. v. Moore, McCalib, Inc., 361 So.2d 990, 992 (Miss.1978). An open account is a “type of credit extended through an advance agreement by a seller to a buyer which permits the buyer to make purchases without a note of security and is based on an evaluation of the buyer’s credit.” Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 914 (Miss.1993). In Cox, our supreme court found an open account when the customer signed an agreement allowing him to make purchases over several years without engaging in separate transactions. Under Mississippi Code Annotated Section 11-53-81 (Rev.2002), Lee is entitled to recover attorney’s fees if the action is one to collect money owing on an open account.
Mauldin, 920 So.2d at 515.
¶ 31. The evidence in this case shows that Lyons and Martin had one meeting in May of 2006 to discuss Lyons providing certain legal work for Martin on several cases. They agreed on a rate of $100 per hour for Lyons’s work. Martin employed Lyons to work on eight cases from May 2006 through August 2007. There is no indication that the parties discussed different terms for the work performed on each case. One meeting took place between the parties in advance of the transactions; the parties had one verbal contract regarding the terms and extent of the agreement; and continuous transactions followed that arguably would continue indefinitely until Martin no longer needed Lyons’s services. Lyons billed Martin on a regular basis, and Martin submitted payment after his receipt of each invoice. This conduct is sufficient evidence of an open account.
¶ 32. It has long been held that fees owed on unwritten contracts for professional services are owed on open account. In Michael S. Fawer v. Evans, 627 So.2d 829 (Miss.1993), this Court held that “an attorney’s action against his client for fees for professional legal services” was “on open account pursuant to an unwritten agreement” and was subject to a three-year statute of limitations rather than “the one-year limitation period prescribed by the same statute for actions based on an unwritten contract of employment.” Id. at 833. The same is true for medical services. See Franklin Collection Serv., Inc. v. Stewart, 863 So.2d 925, 930 (Miss.2003) (“accounts established by medical providers for services provided to their patients are open accounts within the purview of § 11-53-81”); Wise v. Gulf States Collection Servs., 633 So.2d 1025, 1027 (Miss.1994) (unpaid hospital bill was “an ordinary contract case involving a suit on an open account”).
¶ 33. In his brief, Martin sets forth the elements of a valid contract and states that “[b]ased on the testimony at trial, the existence of a contract is abundantly clear.” Martin does not cite the testimony or evidence to which he refers; however, it is not disputed that the parties had a verbal contract. Suits on open account are al *454 ways contractual matters, because an underlying contract must exist for the open account to exist. It is well-established that “an open account is an unwritten contract.” McArthur v. Acme Mech. Contractors, Inc., 336 So.2d 1306, 1308 (Miss.1976) (citing Hembree v. Johnson, 119 Miss. 204, 80 So. 554 (1919)).
¶ 34. Martin argues that this could not have been an open account because there was no “final and certain agreement on price.”McLain v. West Side Bone & Joint Ctr., 656 So.2d 119, 123 (Miss.1995) (citing Stanton & Assocs., Inc. v. Bryant Constr. Co., Inc., 464 So.2d 499, 503 (Miss.1985)). Martin’s assertion is contrary to the evidence, which indicates that the parties agreed on a price of $100 per hour for Lyons’s services. Martin also claims that the agreement between the parties was a “series of contracts,” which is to be distinguished from an open account. Martin cites two out-of-state cases to support this position, Richards v. Gulfco Electronics Corp., 360 So.2d 609 (La.Ct.App.1978), and Smith Brothers Trucking of Mount Airy, Inc. v. Baker Truck Brokerage, Inc., 2008 WL 4681641 (M.D.N.C. Oct.21, 2008), neither of which are binding on this Court, nor can they reasonably be relied upon.
¶ 35. In Richards, the Louisiana Court of Appeals held that the claim was “for a series of contracts for professional services and cannot be considered an open account.” Richards, 360 So.2d at 610. The court did not give any details about the “series of contracts” that would allow this Court to make a comparison to the case at hand. In fact, the case ultimately was remanded for insufficiency of evidence. Id. In Smith Brothers, the court held that there was no showing of an open account where “each transaction was evidenced by a distinct contract.” Smith Bros., 2008 WL 4681641, at *4. In the case at hand, there was no written contract, much less a distinct contract for each case on which Lyons worked, therefore the holding by the North Carolina court in Smith Brothers cannot be applied to this case.
¶ 36. Martin did not cite any evidence from the record to support his claim that the agreement involved a series of contracts. Lyons, however, provided evidence that the agreement was one continuous contract, based on an initial conversation between the parties. The agreement was never memorialized; there was no written contract. Lyons invoiced Martin for each case; however, it appears that was a method for organizing the bills, not evidence that a separate contract existed for the work on each case. Martin’s argument that the parties’ relationship was based on series of contracts is without merit.
¶ 37. A person who prevails in a suit for payment on an open account is “entitled to reasonable attorney’s fees.” Miss.Code Ann. § 11-53-81 (Rev.2002). The determination of whether attorney’s fees are reasonable “rests within the sound discretion of the trial court.” Cook, 832 So.2d at 486. Lyons submitted a detailed billing statement indicating that his attorney’s fees in this matter totaled $9,906.85. The award of attorney’s fees in the amount of $4,847.73 was for approximately half of the amount of attorney’s fees proven by Lyons. The award of attorney’s fees was reasonable and supported by credible evidence. Martin’s argument that Lyons had failed to prove that he was entitled to attorney’s fees in the amount awarded is without merit.
¶ 38. The trial judge did not abuse his discretion in awarding attorney’s fees to Lyons. The evidence does not support the circuit court’s reversal of the county court’s decision. Thus, based on today’s discussion, the circuit court’s judgment is reversed, and the county court’s award of attorney’s fees reinstated.
*455 CONCLUSION
¶ 39. The circuit court had proper appellate jurisdiction over this matter on appeal from the county court. However, the circuit court’s reversal of the award of attorney’s fees was not supported by the evidence. The county court’s award of attorney’s fees was supported by the credible evidence and was not an abuse of discretion. The judgment of the Circuit Court for the First Judicial District of Hinds County is reversed, and the judgment for attorney’s fees entered by the County Court for the First Judicial District of Hinds County is reinstated and affirmed.
¶ 40. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REVERSED AND THE JUDGMENT OF THE COUNTY COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS REINSTATED AND AFFIRMED.
DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.

. Martín and Lyons are referred to as individuals because Precious Martin, Sr. and Jack Lyons were the two attorneys involved.

. We note that Lyons timely filed his notice of appeal and designation of the record on January 4, 2011. After that time, issues arose with the preparation of the record by the Hinds County Circuit Clerk’s Office, which required action by this Court. On May 11, 2011, this Court was compelled to stay the briefing schedule pending correction of the record. Once a supplemental record was filed, the stay was lifted and the briefing schedule was reissued on August 4, 2011. See T. Jackson Lyons & Associates, P.A. v. Precious T. Martin, Sr. & Associates, PLLC, 83 So.3d 1284 (Miss.2012).

. Although the parties refer to this as “subject matter jurisdiction,” it actually is an issue of appellate jurisdiction.

. Rule 7 of the Mississippi Rules of Appellate Procedure has been omitted, and Rule 11 now covers the prepayment of costs. See infra ¶ 20.

. In an appeal to the Mississippi Supreme Court, the payment of court costs under Rule 11 does not act as a supersedeas. Rule 8 of the Mississippi Rules of Appellate Procedure discusses supersedeas bonds. See infra ¶ 20.

. "Appeal bond” has two definitions. One is similar to cost bond, and the other is similar to supersedeas bond. The first definition is: "[a] bond that an appellate court may require from an appellant in a civil case to ensure payment of the costs of appeal.” Black’s Law Dictionary 200 (9th ed. 2009). Payment of the cost of appeal would include "court costs incurred below and likely to be incurred on appeal” as set forth in the "cost bond” rule. URCCC 5.09. The second definition is: "a bond required as a condition to bringing an appeal or staying execution of the judgment appealed from,” which is like the definition of supersedeas bond. See infra ¶ 17. Thus, this Court and future litigants would be well served to use the terms "cost bond” and “su-persedeas bond” as appropriate and avoid using the term "appeal bond” to prevent confusion.

. Both the Mississippi Rules of Appellate Procedure and the Uniform Rules of Circuit and County Court Practice have separate rules regarding prepaying costs on appeal and su-persedeas bonds. See Miss. R.App. P. 8 and 11; URCCC 5.08 and 5.09.

. Martin's reliance on Mauldin is misplaced. That case dealt with a single transaction for the purchase of tractors; there was no evidence of continuing transactions. Mauldin, 920 So.2d at 515-16. Therefore, the Court of Appeals correctly held that there was not an open account.