# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-KM-00403-COA

**RONALD KELLER A/K/A RONNIE KELLER**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2020 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VANESSA J. JONES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| SPECIAL PROSECUTING ATTORNEY: | PAMELA CASTLE |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 11/16/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McDONALD AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Ronald Keller was convicted in justice court of poisoning his neighbor's dogs. He appealed to the county court and was again convicted following a jury trial.[1] Keller then appealed to the circuit court.[2] The State filed a motion to dismiss the appeal, arguing that the

---

[1] The county court sentenced Keller to serve one year in the county jail, suspended on the condition of good behavior for one year. The court also fined Keller $500 plus court costs and assessments and ordered him to pay restitution of $4,299.60.

[2] Keller requested a trial de novo and trial by jury. However, an appeal from county court to circuit court "shall be considered solely on the record made in county court." MRCrP 30.1(c); *accord* Miss. Code Ann. § 11-51-79 (Rev. 2019).

circuit court lacked jurisdiction because Keller failed to obtain a cost bond. The circuit court agreed with the State and dismissed the appeal for lack of jurisdiction. Keller appealed from the circuit court's order dismissing his appeal. We affirm.

**ANALYSIS**

¶2. Mississippi Code Annotated section 11-51-79 governs appeals from county court and provides in pertinent part:

> Appeals from the law side of the county court shall be made to the circuit court. . . . Appeals from the county court shall be taken *and bond given* within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court; provided, however, that the county judge may within said thirty (30) days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty (60) days from the date of the said final judgment or decree.

Miss. Code Ann. § 11-51-79 (emphasis added). As our Supreme Court has explained, this statute requires a party appealing from county court to circuit court to "file notice of the appeal *and post a bond*" within thirty days of the entry of judgment in the county court. *T. Jackson Lyons & Assocs. P.A. v. Precious T. Martin Sr. & Assocs. PLLC*, 87 So. 3d 444, 448 (¶12) (Miss. 2012) (emphasis added).

¶3. "[T]he bond required for appeals from county court is a cost bond," which "is commonly referred to as an appeal bond." *Id.* at 449 (¶15). "The purpose of a cost bond is to cover the cost of the appeal, including preparing the record from the court below." *Id.* at 448 (¶14). The requirement of a cost bond may be satisfied by simply prepaying the costs of preparing the record, including the preparation of a trial transcript. *Id.* at 449 (¶14). Indeed, "[b]ecause parties typically pay this cost rather than posting a bond for the amount,

it has been said that there is no longer a 'bond' for prepayment of costs." *Id.*

¶4. In a series of cases, our Supreme Court has made clear that the cost bond (or prepayment of costs) required by section 11-51-79 "is jurisdictional because it is a statutory requirement for an appeal." *Id.* at 451 (¶23); *Belmont Holding LLC v. Davis Monuments LLC*, 253 So. 3d 323, 329 (¶25) (Miss. 2018); *see Gibson v. Bell*, 312 So. 3d 318, 321-24 (¶¶11-25) (Miss. 2020). Therefore, if the appellant fails to timely pay his cost bond, his appeal is not perfected, and the circuit court has no choice but to dismiss the case for lack of appellate jurisdiction. *Gibson*, 312 So. 3d at 324 (¶25). In the present case, it is undisputed that Keller failed to pay costs or post a cost bond.[3] Therefore, the circuit court properly dismissed the appeal for lack of jurisdiction.

¶5. Within the argument section of his brief in this Court, Keller completely fails to address the circuit court's order dismissing his appeal for lack of jurisdiction. Rather, he challenges the sufficiency of the evidence presented at his trial in county court and alleges various other errors by the county court. He argues that we should reverse his conviction and render a judgment of acquittal because he is innocent or at least reverse and remand for a new trial. We cannot consider these arguments not only because we lack jurisdiction to

---

[3] In the circuit court, in his response to the State's motion to dismiss the appeal, Keller asserted that a paralegal employed by his attorney had contacted the circuit clerk and "asked if a new bond needed to be filed." Keller further asserted that the circuit clerk told the paralegal "that no new bond was needed" because the bond Keller had filed to appeal from justice court to county court "would carry over." This assertion is both unsubstantiated and irrelevant. An allegation that the circuit clerk gave erroneous instructions regarding a cost bond will not excuse an appellant's failure to comply with the statute's jurisdictional requirement. *Gibson*, 312 So. 3d at 324 (¶25); *Belmont Holding*, 253 So. 3d at 331 (¶32). It is the duty of the appellant and his attorney to satisfy the statutory requirements for perfecting an appeal.

consider the merits but also because the record does not include a trial transcript. Because Keller failed to pay the cost of preparing the trial transcript, there is no transcript. Therefore, Keller's arguments on appeal are nothing more than his attorney's assertions, unsupported by anything in the record. Such unsupported "[f]actual assertions . . . in appellate briefs are not evidence and will not be used as grounds for reversing the trial court's judgment." *Abercrombie v. Abercrombie*, 193 So. 3d 680, 683 (¶9) (Miss. Ct. App. 2016).

¶6.     In summary, Keller failed to perfect his appeal from county court to circuit court because he failed to post a cost bond (or prepay costs) as required by section 11-51-79. Moreover, because the statutory requirement of a cost bond is jurisdictional, the circuit court correctly dismissed the appeal for lack of jurisdiction.

¶7.     **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**