# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01056-COA

**FORD MOTOR COMPANY**                                         **APPELLANT**

**v.**

**MATTHEW BINGHAM**                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/16/2024 |
| TRIAL JUDGE: | HON. TONI DEMETRESSE TERRETT |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JEFFREY BARTOW CANNON JR. |
| | JEFFREY P. DOSS |
| ATTORNEYS FOR APPELLEE: | FRANK G. VOLLOR |
| | VALERA JOANN VOLLOR |
| | TRACIE D. HERRING |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/06/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Plaintiff Matthew Bingham sued Ford Motor Company (Ford) in the County Court of Warren County, Mississippi, alleging breach of warranty. A jury trial was held in February 2024, and Bingham was awarded a verdict in the amount of $10,000. The county court entered a final judgment on March 5, 2024, and also awarded Bingham $53,994.85 in attorney's fees. Ford filed a motion for judgment notwithstanding the verdict, contesting liability and the award of attorney's fees. The county court denied Ford's motion, and an order assessing costs and fees was entered on May 1, 2024.

¶2.     Ford appealed from both judgments to the circuit court on May 21, 2024, and

submitted $86 in filing fees (a/k/a the "clerk appeal fee"). Ford also filed an "Appeal Bond with Supersedeas" in the amount of $79,993.56.

¶3.     Bingham filed a motion to dismiss the appeal on June 4, 2024, alleging that Ford "did not file a Cost Bond with the Clerk within (30) days of the Judgment of the Court required by [Mississippi Code Annotated section] 11-51-79," which governs appeals from county court to circuit court. Section 11-51-79 states in pertinent part:

> Appeals from the county court shall be taken and **bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court**; provided, however, that the county judge may within said thirty (30) days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty (60) days from the date of the said final judgment or decree.

Miss. Code Ann. § 11-51-79 (Rev. 2019) (emphasis added).

¶4.     In its response filed on June 6, 2024, Ford asserted that its "Appeal Bond with Supersedeas" encompassed both the required cost bond *and* supersedeas bond. Ford claimed that it "paid directly the cost that the Clerk identified (i.e., the filing fee) and has separately and diligently attempted to contact the court reporters to obtain estimates for the transcription costs so they could be paid."

¶5.     Ford further asserted, "To the extent that actual costs must be paid to perfect an appeal, Ford submits that extenuating circumstances excuse any purported untimeliness," citing *Avery v. University of Mississippi*, 309 So. 3d 466 (Miss. Ct. App. 2019). Attached to Ford's response was an affidavit by an employee of Ford's attorney, Meredith Maitrejean, who attested that she had unsuccessfully attempted to contact the court reporter in May 2024. Furthermore, when she contacted the circuit clerk's office on May 20, 2024, regarding costs

2

to be paid with the notice of appeal, Maitrejean was advised that there were no costs other than the filing fee and the transcription costs, which the clerk's office said could be paid directly to the court reporter.

¶6.    The day after Ford's response, on June 7, 2024, the circuit clerk entered an estimated cost of appeal of $3,180. Ford paid $3,094 (the clerk's estimated cost of appeal less the $86 filing fee already remitted). The clerk later amended the estimate on June 17, 2024, adding $1,800 for exhibits. On September 19, 2024, Ford filed a designation of record and certificate of compliance with Mississippi Rule of Appellate Procedure 11(b)(1), stating that Ford had deposited the estimated cost of preparing the record with the clerk's office.

¶7.    Bingham argued in his reply that Ford's "Appeal Bond with Supersedeas" was not a cost bond and that Ford could have calculated an estimate and prepaid the cost bond. *See* M.R.A.P. 11(b)(1). Bingham also claimed that *Avery* "is not applicable to this appeal," asserting:

> First, the cost deposit or bond did not require court approval, and Rule 11 [of the Mississippi Rules of Appellate Procedure] anticipates the failure to receive estimates by the clerk and court reporter and provide[s] an alternative means of estimating and posting a sufficient cost bond or deposit if the estimates [are] not received. There is no excuse for Ford Motor Company to have not posted the costs bond or deposit. Second, unlike *Avery*, the attorneys for Ford Motor Company were not diligent nor familiar with the statutes and rules regarding appeals. The failure to receive appropriate estimates and post the appropriate costs bond or deposit was the result of neglect by attorneys for Ford Motor Company, not extenuating circumstances.

After a hearing, the circuit court granted Bingham's motion to dismiss the appeal on August 16, 2024. Citing *T. Jackson Lyons & Associates P.A. v. Precious T. Martin Sr. & Associates PLLC*, 87 So. 3d 444, 448 (Miss. 2012), the court noted the "distinction between cost bonds

3

and supersedeas bonds." The circuit court concluded:

> In the instant case, though the supersedeas bond was timely filed, the cost bond was not filed until forty-five (45) days after the County Court entered an order denying the Motion for Judgment Notwithstanding the Verdict and thirty-seven (37) days after the judgment of the County Court's order approving attorney's fees.

On August 21, 2024, the court granted Bingham's motion for an award of $8,115 in attorney's fees.

¶8. Ford appeals from the circuit court's August 16, 2024, and August 21, 2024 judgments. We find no error and affirm.

## Discussion

### I. Whether Ford complied with the cost bond requirement pursuant to Mississippi Code Annotated section 11-51-79.

¶9. Mississippi law states that "[a]ppeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court[.]" Miss. Code Ann. § 11-51-79; *see also* UCRCCC 5.04 (stating that "the notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the entry of the order or judgment being appealed").

¶10. In its order granting Bingham's motion to dismiss, the circuit court addressed Ford's alleged difficulty in obtaining the estimated transcript costs from the court reporter[1] and

---

[1] The county clerk provided Ford's counsel with contact information for the two court reporters. Although counsel did speak with one court reporter, the other court reporter "did not return [the] calls or respond to [the] text messages." When Ford's counsel attempted to contact this court reporter at the email address provided by the county court administrator of Warren County, "[t]he email was returned as undeliverable." The record indicates that

4

noted that Mississippi Rule of Appellate Procedure 11(b)(1) "allows the appellant to estimate the rate of $300 per day if the estimate cannot be timely obtained" within seven days of the filing of the notice of appeal. Rule 11(b)(1) provides:

> Within seven (7) days after filing the notice of appeal, the appellant **shall estimate the cost of preparation of the record on appeal**, including, but not limited to, the cost of the preparation of the transcript, **and shall deposit that sum with the clerk of the court** whose judgment or order has been appealed. . . . The estimate shall be calculated pursuant to estimates from the clerk(s) and court reporter(s). **If the appellant is unable to obtain an estimate from a clerk within the seven (7) days, the appellant shall calculate the estimate at the statutory rate per page for the approximate number of pages of clerk's papers.** If the appellant is unable to obtain an estimate from a court reporter within the seven (7) days, the appellant shall calculate the estimate at the rate of $300.00 per day of proceedings to be transcribed.

M.R.A.P. 11(b)(1) (emphasis added).

¶11. Ford argues on appeal (1) that this Court "has never applied Rule 11(b)(1) to appeals from county court to circuit court"; and (2) that there is a key difference between Rule 11(b)(1) of the Rules of Appellate Procedure and Rule 5.09 of the Uniform Civil Rules of Circuit and County Court Practice. Contending that "Mississippi law vests the Clerk of the Court with responsibility to estimate the cost of the appeal," Ford claims that it timely paid the costs *as estimated by the clerk*, in accordance with Rule 5.09, which provides:

> In all appeals, unless the court allows an appeal in forma pauperis, the appellant or appellants shall pay all court costs incurred below and likely to be incurred on appeal **as estimated by the circuit court clerk**. Should a dispute arise, a party may apply to the court for relief.

UCRCCC 5.09 (emphasis added). Because the circuit clerk told Ford's attorney (as averred

---

the court reporter filed the transcript on November 13, 2024. A certificate of costs dated that same day indicated that $158.40 was refunded to the appellant.

in Maitrejean's affidavit) to pay the filing fee and to get the estimated costs of transcripts directly from the court reporter, Ford claims that it "paid what was 'estimated by the circuit court clerk' within the deadline," which was only the $86 filing fee.[2] Ford concludes, "Although there were unknown court reporter transcript costs, those amounts had not been 'estimated by the circuit court clerk.' Thus, nothing yet was due."

¶12. As to Ford's first argument, Rule 1 of the Mississippi Rules of Appellate Procedure clearly states, "These rules govern procedure in . . . appeals from county court to circuit court." In addition, the supreme court has unequivocally held that "Rule 11 is the 'cost bond' rule, and it provides that the 'appellant shall estimate the cost of preparation of the record on appeal' and pay that cost to the court clerk." *T. Jackson Lyons & Assocs.*, 87 So. 3d at 450 (¶20) (quoting M.R.A.P. 11(b)).

¶13. We further find no merit to Ford's argument that Rule 5.09 affords Ford relief from paying the cost bond. Both Rule 11(b)(1) and Rule 5.09 state that costs have to be paid to the clerk—whether those costs are estimated by the clerk (UCRCCC 5.09) or by the appellant when unable to obtain the costs from the clerk (M.R.A.P. 11). We also note that Ford did not file a designation of record with the clerk until September 13, 2024, six months after the county court's final judgment in this case;[3] so we are unsure how the clerk would have been

---

[2] Ford concedes in the reply brief, "Ford is not claiming that, in every case, paying the filing fee would suffice, but when, as here, that is the only amount 'estimated by' the Clerk, then payment does suffice."

[3] See M.R.A.P. 10(b)(1) (requiring designation of record within seven days of notice of appeal).

able to provide Ford with an estimated cost until that was filed.[4]  Therefore, we find no merit

to Ford's arguments on this issue.

> ## II.  Whether Ford's "Appeal Bond with Supersedeas" qualified as a cost bond.

¶14.    Ford also claims that its "Appeal Bond with Supersedeas" filed on May 21, 2024,

which contained a promise to pay "costs, interest and damages," qualifies as a cost bond

under the statute.  We find this argument is not supported by the record or relevant law for

the following reasons.

¶15.    First, Ford's "Appeal Bond with Supersedeas" stated that Ford "desires to prosecute

an appeal to the Circuit Court of Warren County, Mississippi and to the Supreme Court of

Mississippi with supersedeas pursuant to [Mississippi Rule of Civil Procedure] 62 and

[Mississippi Rule of Appellate Procedure] 8," both of which govern the stay of a judgment

on appeal by the giving of a *supersedeas* bond.

¶16.    Second, as the circuit court addressed in its findings, the Mississippi Supreme Court

has drawn a clear distinction between a cost bond and a supersedeas bond, holding:

> The appellant is required to give a cost bond in all appeals to cover the cost of preparing the record.  *However, if the appellant hopes to supersede the judgment, a supersedeas bond must also be posted.  [Uniform Civil Rule of Circuit and County Court] 5.08 provides that "the perfecting of an appeal . . . does not act as supersedeas."  Perfecting the appeal includes filing the notice of appeal and giving a cost bond.*  Thus, a supersedeas bond is required *in addition to the cost bond* when the appellant hopes to supersede the judgment.

---

[4] No allegation of error has been made as to the clerk's incorrect instruction in telling Ford that costs could be paid directly to the court reporter.  Regardless, this Court has held that "[a]n allegation that the circuit clerk gave erroneous instructions regarding a cost bond will not excuse an appellant's failure to comply with the statute's jurisdictional requirement."  *Keller v. State*, 330 So. 3d 788, 791 n.3 (Miss. Ct. App. 2021).

> A supersedeas bond is meant to cover the entire amount of the judgment in the event that the appellant is not successful, while a cost bond is meant to cover only the cost of preparing the record.

*T. Jackson Lyons & Assocs.*, 87 So. 3d at 449 (¶16) (emphasis added). "The general purpose of [a supersedeas] bond is to effect the absolute security of the party affected by the appeal." *Deal v. Wilson*, 922 So. 2d 24, 29 (¶16) (Miss. Ct. App. 2005). "The amount of a supersedeas bond should be sufficient to protect the appellee in his judgment; therefore, it should insure the payment of the judgment and interest, and any waste that could occur pending the appeal." *Id.*

¶17.    The supreme court has further advised:

> "Appeal bond" has two definitions. One is similar to cost bond, and the other is similar to supersedeas bond. The first definition is: "[a] bond that an appellate court may require from an appellant in a civil case to ensure payment of the costs of appeal." Black's Law Dictionary 200 (9th ed. 2009). Payment of the cost of appeal would include "court costs incurred below and likely to be incurred on appeal" as set forth in the "cost bond" rule. URCCC 5.09. The second definition is: "a bond required as a condition to bringing an appeal or staying execution of the judgment appealed from," which is like the definition of supersedeas bond. *See infra* ¶ 17. Thus, this Court and future litigants would be well served to use the terms "cost bond" and "supersedeas bond" as appropriate and avoid using the term "appeal bond" to prevent confusion.

*T. Jackson Lyons & Assocs.*, 87 So. 3d at 449 n.6.

¶18.    We find it evident from the language of the appeal bond that the bond was "to effect the absolute security of the party affected by the appeal," not "to ensure payment of the costs of appeal." The appeal bond stated in part:

> KNOW ALL BY THIS BOND, that we Ford Motor Company, as principal, and <u>Federal Insurance Company</u>, a guaranty or surety company authorized to do business in the State of Mississippi, are held and firmly **bound unto plaintiff Matthew Bingham**, or his administrators, executors, successors or

assigns, in the penal sum of $79,993.56 for which payment to made, we bind ourselves, our successors and assigns, jointly and severally.

(Emphasis added). Therefore, Ford's contention that the appeal bond qualified as its cost bond is not supported by the record.

¶19. Our Court recently considered a similar case in *Herning v. Lakeview S/C Partners Ltd.*, 360 So. 3d 305 (Miss. Ct. App. 2023). In *Herning*, the plaintiff's attorney provided an affidavit from its paralegal, who had filed the notice of appeal and given the court clerk a check for $200. *Id*. at 307 (¶5). The clerk returned the check, stating that no amount was owed. *Id*. The plaintiff received an estimate of costs sixteen days later and paid the costs, but this payment occurred after thirty days had passed. *Id*. This Court affirmed the circuit court's dismissal of the appeal for lack of jurisdiction, holding that a circuit clerk's erroneous instructions to the appellant did not excuse his "failure to comply with the statute's jurisdictional requirement." *Id*. at 307 (¶¶6-7) (quoting *Keller*, 330 So. 3d at 791 n.3).

¶20. Ford contends *Herning* is "irrelevant" because the appellant in *Herning* "failed to post *any* bond." (Emphasis added). However, the only basis for Ford's contention is that its appeal bond with supersedeas satisfied the cost-bond requirement—an argument that we find is without merit.

¶21. Accordingly, we find no error in the circuit court's determination that Ford failed to submit a timely cost bond in accordance with section 11-51-79.

### III. Whether Ford demonstrated "extenuating circumstances" sufficient to excuse the jurisdictional defect.

¶22. Citing *Avery v. University of Mississippi*, 309 So. 3d 466 (Miss. Ct. App. 2019), Ford

9

alternatively argues that if a jurisdictional defect does exist, Ford's endeavor "to make timely payment of costs, and its good faith effort to comply with its obligations[,] should qualify as extenuating circumstances." We, however, find *Avery* readily distinguishable from the present case.

¶23. First, because *Avery* involved an appeal from a state employee's termination decision, not a county court ruling, Mississippi Code Annotated section 11-51-93 (not section 11-51-79) governed the appeal and bond requirements in that case. Section 11-51-93 provides:

> All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, *giving bond, with security, to be approved by the judge or clerk of the circuit court*, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.

Miss. Code Ann. § 11-51-93 (Rev. 2019) (emphasis added). Avery's attorney, who "was aware of [section 11-51-93's] bond requirement," made several attempts to obtain the bond. *Avery*, 309 So. 3d at 469 (¶9). After the circuit clerk "advised him that she did not set bonds on appeals," the attorney encountered great difficulty in getting a circuit judge to set the cost bond, as several judges had recused from the case; so the attorney had to wait for a new judge to be assigned. *Id*. at 469, 473 (¶¶9, 30). Although Avery's counsel requested a hearing within seven days of the new judge's appointment, no hearing was scheduled until two months later. *Id*. at 474 (¶31). Avery argued on appeal that "her failure to post a bond was excused by good cause or extenuating circumstances." *Id*. at 469 (¶12). We agreed and

10

determined "dismissal was improper" because "[s]uch unique factual circumstances exist[ed] here that [appellant's] failure to post bond can be excused by extenuating circumstances." *Id*. at 472-73 (¶27).

¶24. Therefore, the applicable statutory requirements and procedural rules in *Avery* are not the same as those in the instant case. Nor do we find the circumstances here so unique or extenuating as to excuse the jurisdictional defect. While Ford did experience some difficulty with contacting the court reporter, as discussed, Ford could have, and should have, estimated the costs in accordance with Rule 11(b)(1) or sought an extension from the circuit court.[5]

¶25. We find no error in the circuit court's dismissal of Ford's appeal.

**IV. Whether Bingham is entitled to damages and attorney's fees under Mississippi Rule of Appellate Procedure 38 and Mississippi Code Annotated section 11-55-1 et seq.**

¶26. On October 16, 2024, Bingham filed a motion to dismiss this appeal, claiming that Ford's appeal is frivolous and seeking relief under Rule 38 of the Mississippi Rules of Appellate Procedure and the Litigation Accountability Act of 1988, *see* Miss. Code Ann. §§11-55-1 to -15 (Rev. 2019). On January 15, 2025, a panel of the Mississippi Supreme Court ruled that the motion "should be passed for consideration with the merits of the appeal." Bingham thereby incorporated the arguments from his motion into his appellee's brief by reference and asserts that he is entitled to "double attorney fees, costs, and just damages" related to this appeal.

¶27. Rule 38 provides: "In a civil case if the Supreme Court or Court of Appeals shall

---

[5] As discussed, the appellant's duty to calculate an estimate of costs set forth in Rule 11(b)(1) was not applicable to the appeal in *Avery*.

determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." M.R.A.P. 38. The evaluation of whether an appeal is frivolous under Rule 38 is conducted "using the same standard that applies under Rule 11 of the Mississippi Rules of Civil Procedure." *Dailey v. McBeath*, 151 So. 3d 1038, 1044-45 (¶19) (Miss. Ct. App. 2014) (citing *Balius v. Gaines*, 95 So. 3d 730, 732 (¶10) (Miss. Ct. App. 2012)). "Accordingly, an appeal is frivolous under Rule 38 where the appellant has no hope of success." *Id*. Likewise, section 11-55-5 of the Litigation Accountability Act of 1988 provides:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5. "'Without substantial justification' is defined as any claim that is 'frivolous, groundless in fact or in law, or vexatious, as determined by the court.'" *In re Spencer*, 985 So. 2d 330, 338 (¶26) (Miss. 2008) (quoting Miss. Code Ann. § 11-55-3(a) (Rev. 2002)).

¶28. Bingham argued in his motion that Ford "had no substantial justification to appeal this matter." However, as Ford notes in its reply brief, Bingham has not "identified any case where the Supreme Court or this Court has definitively resolved the legal issues raised." We agree with Ford, finding this case involves a distinct set of facts that warrant our review and

application of the law.

¶29.    Finding no merit to Bingham's argument that this appeal is frivolous and brought without substantial justification, we deny his October 16, 2024 motion to dismiss the appeal.

## Conclusion

¶30.    We affirm the circuit court's August 16, 2024 judgment granting Bingham's motion to dismiss the appeal and August 21, 2024 judgment awarding Bingham attorney's fees in the amount of $8,115.

¶31.    **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**