GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Robert Parker filed a petition for modification of child support and custody. Tessecca Bliven filed her responsive pleading and a counterclaim. The chancellor dismissed Parker’s petition and entered a judgment on Bliven’s counterclaim. Parker appeals this judgment.
 

 FACTS
 

 ¶ 2. On October 27, 2004, Bliven gave birth to Gabrielle Parker. Parker is Gabrielle’s father. Bliven and Parker were never married.
 

 ¶ 3. On January 25, 2006, Bliven filed a petition in the Chancery Court of Lamar County seeking to establish paternity and custody. On May 22, 2006, the chancellor entered a temporary order that awarded the parties joint legal custody of Gabrielle, with primary physical custody to Bliven, $300 per month in child support to Bliven, and standard visitation to Parker.
 

 ¶ 4. In September 2006, Parker was behind in child support and applied to the Mississippi Department of Human Services (DHS) for a reduction of his child-support obligation. DHS will not review an application for a reduction in child support if the payor is in arrears. Parker’s request for a reduction was denied.
 

 1Í5. On April 26, 2007, the chancery court entered a final judgment. Parker and Bliven were awarded joint custody of Gabrielle, with Bliven awarded primary custody and Parker ordered to pay Bliven $300 per month for child support.
 

 ¶ 6. On July 31, 2007, Parker filed a petition for modification of his child-support obligation. However, Parker failed to serve Bliven with process.
 

 ¶ 7. Thereafter, Parker fired his attorney. On January 24, 2008, Parker filed a pro se petition for modification of child support, custody, and visitation. He asserted that equal custody was in the best interests of all parties. Parker also argued that, since the final judgment, there had been “a permanent, material, and substantial change of circumstances requiring [that] the previous [j]udgment be modified.” Parker listed the “changes in circumstances,” stating that: Bliven did not give him more time than the ordered standard visitation; he needed more time with Gabrielle; and Bliven was pregnant again.
 

 ¶ 8. Bliven responded by filing an answer, affirmative defenses, and a counterclaim for contempt and for modification of visitation. Bliven asserted several affirmative defenses. First, Bliven claimed that Parker had failed to state a claim for which relief may be granted. Second, Bli-ven asserted that Parker comes to court with unclean hands and is, therefore, barred from seeking relief. Third, Bliven argued that there has been no change in circumstances. Finally, Bliven claimed that Parker asserted the claims as harassment. Bliven asked the chancery court to find Parker in contempt for his failure to pay child support, and she asked the court to modify visitation to exclude overnight visitation, to require that visitation be supervised, to appoint a guardian ad litem to investigate Parker, and to award her attorney’s fees in the amount of $2,500.
 

 ¶ 9. On April 21, 2008, the chancellor held a hearing to consider Bliven’s affirmative defenses. Parker represented himself at the hearing. Bliven presented evidence that Parker was behind in his child-support payments in the amount of $1,047. The chancellor found that Parker was in arrears in his child-support payments;
 
 *621
 
 thus, Parker was barred from seeking a modification of his child-support obligation. The chancellor also held Parker in contempt and sent him to jail until he could pay the arrears. The chancellor dismissed both of Parker’s petitions.
 

 ¶ 10. Parker appealed the ■ chancellor’s order. Bliven filed a motion to dismiss. The supreme court granted Bliven’s motion and dismissed the appeal because it was not based on a final judgment.
 

 ¶ 11. Bliven’s counterclaim for modification of visitation was set to be heard on February25, 2009. Before the hearing, on December 16, 2008, Parker’s attorney sent a letter to Bliven’s attorney declaring that Parker and Bliven had worked out a visitation schedule, and the letter stated that: “As far as I am concerned, th[e] matter has been resolved in the best interests] of all involved. Please let me know, if we will still be having the hearing in February, and, if so, what it will be about.”
 

 ¶ 12. On February 25, 2009, the chancellor held a brief hearing. The only issue presented was whether Bliven was entitled to an award of attorney’s fees. The chancellor held:
 

 The parties have announced to the Court that they have reached an agreement to continue abiding by the custody and visitation provision set forth in the Judgment of Paternity, Support and Other Relief filed on April 26, 2007.
 

 That the only remaining issue is attorney fees to be awarded to Tessecca Bli-ven herein. It is the Order of this Court that ... Robert Parker, is hereby ordered to pay the sum of $2,500 to the Honorable Sheila Smallwood....
 

 It is from this judgment that Parker appeals.
 

 ANALYSIS
 

 1. Whether Parker was deprived, of due process because he could not afford an attorney.
 

 ¶ 13. Parker hired legal.counsel to represent him in this matter. Parker terminated his counsel’s employment in December 2007. Parker contends that he was deprived of his right to due process when his counsel provided ineffective assistance of counsel and when Parker represented himself pro se. Parker claims that the chancellor had a duty to help him when he represented himself.
 

 ¶ 14. The supreme court has found that the rights to appointed counsel and to effective assistance of counsel do not apply in civil proceedings.
 
 Goodin v. Dep’t of Human Svcs.,
 
 772 So.2d 1051, 1055 (¶ 12) (Miss.2000) (citing
 
 DeMyers v. DeMyers,
 
 742 So.2d 1157, 1162 (Miss.1999)). The United States Supreme Court has also held that counsel should only be appointed if the unrepresented party may be “deprived of his physical liberty.”
 
 Lassiter v. Dep’t of Social Svcs.,
 
 452 U.S. 18, 26-27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
 

 ¶ 15. Because there is no right to appointed counsel or to effective counsel in civil matters, we find that Parker’s due-process rights were not violated. Accordingly, this issue is without merit.
 

 2. Whether the chancellor erred when he found that Parker came to the court with unclean hands, that he was in contempt, and then dismissed Parker’s petitions.
 

 ¶ 16. Parker contends that the chancellor erred when he found that Parker was in contempt, that Parker had unclean hands, and when the chancellor dismissed Parker’s two prior petitions. We find that Parker’s arguments are without merit be
 
 *622
 
 cause these issues were not presented to the chancellor for his consideration.
 

 ¶ 17. The judgment provides that Parker and Bliven agreed to abide by the April 26, 2007, order. It also stated that the only issue for the chancery court to decide was whether to award Bliven attorney’s fees. Now, on appeal, Parker claims that'he did not agree to abide by the April 26, 2007, order.
 

 ¶ 18. Parker has not presented any evidence that the chancellor was in error. “This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous[,] or an erroneous legal standard was applied.”
 
 Sanderson v. Sander-son,
 
 824 So.2d 623, 625-26 (¶ 8) (Miss. 2002).
 

 ¶ 19. Since Parker has offered no evidence to the contrary, we find that the chancellor neither abused his discretion nor was he manifestly wrong. Parker’s arguments about the issues of contempt, unclean hands, and child-support modification were not properly preserved for review after the entry of the agreed judgment. Accordingly, this issue is without merit.
 

 S. Whether the chancellor erred when he awarded Bliven $300 per month in child support.
 

 ¶ 20. Parker claims that chancellor erred because the ¿mount of the child-support award was outside of the Mississippi Child-Support Guidelines.
 
 See
 
 Miss. Code Ann. § 48-19-101 (Rev.2009). The award of $300 per month in child support was set in the April 26, 2007, judgment. Parker did not appeal the April 26, 2007, judgment. A party has thirty days from the date of entry of judgment to file an appeal. M.R.A.P. 4(a). Because Parker failed to appeal the April 26, 2007, judgment within thirty days, this issue is without merit.
 

 A
 
 Whether the chancery court erred by awarding attorney’s fees to Bliven.
 

 ¶ 21. Parker asserts that Bliven was not entitled to attorney’s fees because he was not in contempt on April 21, 2008, and because he did not hire her attorney. Bliven requested attorney’s fees in her counterclaim in ■ the amount of $2,500. Thereafter, she renewed her request on February 25, 2009. Parker failed to object to her request.
 

 ¶ 22. “The trial court is the appropriate entity to award attorney’s fees and costs.”
 
 Mabus v. Mabus,
 
 910 So.2d 486, 488 (¶ 7) (Miss.2005) (citations omitted). An award of attorney’s fees is upheld unless we find that the chancery court’s award was manifestly wrong.
 
 Id.
 
 (quoting
 
 Bredemeier v. Jackson,
 
 689 So.2d 770, 778 (Miss.1997)). “[W]here a party’s intentional misconduct causes the opposing party to expend time and money needlessly, then attorney fees and expenses should be awarded to the wronged party.”
 
 State v. Blenden,
 
 748 So.2d 77, 87 (¶ 33) (Miss. 1999).
 

 ¶23. Here, the record supported the chancellor’s award of attorney’s fees to Bliven. Parker was found to be in contempt in an earlier proceeding. Since Parker first filed the petition for modification, he was responsible for bringing himself and Bliven to court. Parker’s misconduct caused Bliven’s attorney to expend time and money to seek enforcement of the court’s order against him. Accordingly, the chancellor did not abuse his discretion, and this issue is without merit.
 

 5. Whether Bliven is entitled to an award of attorney’s fees on appeal.
 

 ¶24. In her appellee’s brief, Bli-ven requested an award of attorney’s fees
 
 *623
 
 for the services rendered in connection with this appeal. We agree that such award is proper. This Court has generally awarded attorney’s fees on appeal in the amount of one-half of what was awarded in the lower court.
 
 Lauro v. Lauro,
 
 924 So.2d 584, 592 (¶¶ 32-34) (Miss.Ct.App. 2006). Here, the chancellor found that Bliven was entitled to an award of attorney’s fees because of Parker’s contempt and misconduct. Accordingly, we grant Bliven’s motion for attorney’s fees on appeal in the amount of $1,250.
 

 ¶ 25. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ.?.. CONCUR.