IRVING, P.J.,
for the Court:
¶ 1. On June 13, 2000, an agreed judgment of paternity established that Mark Balius was the father of Jared Balius, a child born out of wedlock to Melanie Gaines on February 19, 1999. The Harrison County Chancery Court awarded physical custody to Gaines and liberal visitation to Balius. Since that time, the parties have engaged in continuous litigation *731 regarding custody of and visitation with Jared. In fact, this is the third appeal brought to this Court by Balius. In this appeal, Balius argues that the chancellor erred by failing to recuse himself from the case. However, the chancellor recused himself from the matter long before Balius filed his notice of appeal. Therefore, Bali-us no longer has an issue in controversy, and his appeal is dismissed as moot.
¶ 2. Because we find that Balius’s appeal is frivolous, Gaines is entitled to attorney’s fees pursuant to Rule 38 of the Mississippi Rules of Appellate Procedure.
FACTS
¶ 3. Two chancellors had presided over and later recused from this case prior to its assignment to Judge Sanford R. Steck-ler. Judge Steekler’s assignment followed the recusal of Judge Carter O. Bise in 2002. On August 20, 2009, Balius, acting pro se, filed a motion to recuse Judge Steckler. In his motion, Balius alleged that Judge Steckler’s comments during a hearing held on November 3, 2008, indicated his bias against Balius. The comments were as follows:
THE COURT: And I’m saying, Mr. Balius, you have not acted reasonably in dealing with this stuff since I got into this case. Since the day that Judge Bise was so extremely frustrated with you, that he was red in the face and asked me to take the case because he just didn’t feel like he could emotionally deal with you anymore.
According to Balius, Judge Bise’s comments to Judge Steckler negatively influenced Judge Steckler. Furthermore, Bali-us complained that Judge Steckler had concealed the conversation from the time of his assignment in 2002 until the hearing in 2008.
¶ 4. On October 29, 2009, Balius filed an amended motion to recuse. In his amended motion, Balius argued for Judge Steck-ler’s recusal based on the fact that Balius had recently filed a complaint against Judge Steckler with the Mississippi Commission for Judicial Performance. On October 30, 2009, prior to receiving Balius’s amended motion, Judge Steckler entered an order denying Balius’s original motion to recuse. In the court’s order, Judge Steckler explained that Balius’s original motion to recuse did not comply with the procedural requirements set forth under Rule 1.11 of the Uniform Chancery Court Rules. Specifically, the motion did not contain an affidavit “setting forth the factual basis underlying the asserted grounds for recusal,” and Balius had failed to file it “within 30 days after [he] could [have] reasonably discovered] the facts underlying the grounds asserted.” UCCR 1.11. Furthermore, Judge Steckler determined that Balius’s allegations of bias were without merit.
¶ 5. On November 4, 2009, Judge Steck-ler entered an order denying Balius’s amended motion to recuse. Judge Steck-ler acknowledged Balius’s complaint with the Mississippi Commission on Judicial Performance, but he refused to recuse himself from the matter. On November 20, 2009, Balius filed a notice of appeal. However, in his notice, Balius stated that he was appealing from the October 30, 2009 order denying his motion to recuse. The Mississippi Supreme Court dismissed Balius’s appeal as untimely under Rule 48B of the Mississippi Rules of Appellate Procedure.[1] Based on our review of the *732 record, Balius did not file a notice of appeal from the denial of his amended motion to recuse.
¶ 6. On February 18, 2010, Judge Steck-ler entered a sua sponte order of recusal. In the order, Judge Steckler explained that “upon mature reflection and in order to avoid and remove any perceived appearance of alleged impropriety, bias, or prejudice, and in the interest of all litigants, the undersigned [cjhancellor finds it necessary to recuse himself from this matter.” Following Judge Steckler’s recusal, the remaining chancellors in the Eighth Chancery Court District entered an order recusing themselves from the case and asking the supreme court to appoint a special chancellor to the case. Accordingly, the supreme court entered an order appointing Judge Hollis McGehee as special chancellor.
¶ 7. On June 30, 2010, Judge McGehee denied all of Balius’s pending motions.[2] In response, Balius filed this appeal on July 23, 2010. Balius then filed an issue statement listing his sole issue on appeal: “Would [Judge Steckler’s] statements in court, on the record[,] and his subsequent actions[,] lead a reasonable person to believe that the [j]udge was biased against the [a]ppellant from the day he entered into the [a]ppellant’s case?”
¶ 8. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. Balius argues that Judge Steckler erred in declining to recuse himself from the case. However, as stated above, Judge Steckler recused himself on February 18, 2010. Balius’s appeal challenging Judge Steckler’s impartiality came several months after Judge Steckler’s recusal and after an unfavorable ruling from Judge McGehee. Balius does not challenge Judge McGehee’s ruling on appeal. Accordingly, Gaines argues that Balius’s appeal is frivolous and asks this Court to award her costs and attorney’s fees.
¶ 10. Rule 38 of the Mississippi Rules of Appellate Procedure provides: “In a civil ease[,] if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.” The comment to Rule 38 explains that “[t]he damages to be awarded may include attorneys’ fees and other expenses incurred by an appellee.” Our supreme court has stated that frivolity under Rule 38 is evaluated using the same standard that applies under Rule 11 of the Mississippi Rules of Civil Procedure. Hams v. Hams, 988 So.2d 376, 380 (¶ 16) (Miss.2008). Accordingly, an appeal is frivolous under Rule 38 where the appellant has no hope of success. Id.
¶ 11. Here, Balius complains that Judge Steckler improperly refused to re-cuse himself from the case, even though Judge Steckler entered a sua sponte order of recusal months before Balius filed his notice of appeal. Additionally, in a letter to Balius and Gaines’s attorney, which accompanied Judge McGehee’s June 30, 2010 order, the chancellor expressly stated that Balius’s motion to recuse Judge Steckler *733 was moot. Furthermore, Judge McGehee cautioned Balius as follows:
The [c]ourt further notes that [Balius] is being given the benefit of the doubt as to the appropriateness of some of his pleadings. Such will not be the case if he pursues questionable remedies in the future. If there is a legally cognizable right that needs to be pursued that is certainly not discouraged, but efforts to get multiple bites at the same apple will likely not be well received.
Based on our review of the record, Balius had ample notice of Judge Steckler’s recu-sal, yet he pursued an appeal challenging the chancellor’s failure to recuse. Additionally, Judge McGehee warned Balius that if he chose to file meritless claims in the future, it would be at his peril. Accordingly, we find that Balius’s appeal is frivolous, as he clearly had no hope for success.
¶ 12. Having determined that Balius’s appeal is frivolous under Rule 38, we must next determine damages. Gaines urges this Court to award her attorney’s fees incurred in defending this appeal.
¶ 13. Balius proceeded pro se in this appeal. Our supreme court has consistently held that “[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties.” Buckel v. Chaney, 47 So.3d 148, 153 (¶ 10) (Miss.2010) (quoting Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987)). However, the Litigation Accountability Act (LAA) provides:
No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorney’s fees unless the court finds that the party clearly knew or reasonably should have known that such party’s action, claim or defense[,] or any part of it was without substantial justification.
Miss.Code. Ann. § 11-55-5(4) (Rev.2002). The LAA defines “without substantial justification” as “frivolous, groundless in fact or in law, or vexatious.” Miss.Code. Ann. § ll-55-3(a) (Rev.2002).
¶ 14. Balius clearly knew that his appeal was without substantial justification; therefore, we find that an award of attorney’s fees is appropriate even though Bali-us is a pro se litigant. As such, we award Gaines attorney’s fees of $2,500.
¶ 15. THIS APPEAL IS DISMISSED AS MOOT. THE APPELLEE IS AWARDED ATTORNEY’S FEES OF $2,500. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Rule 48B provides, in pertinent part:
If a judge of the circuit, chanceryL] or county court shall deny a motion seeking the trial judge's recusal, or if within 30 days following the filing of the motion for recu-sal the judge has not ruled, the filing party *732 may within 14 days following the judge’s ruling, or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge's action by the Supreme Court.

. Balius’s pending motions sought the amendment or reconsideration of various orders entered by Judge Steckler, sanctions against Gaines, and modification of custody and/or a change in visitation.