# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-CA-01393-COA

GREGORY DAILEY                                                                     APPELLANT

v.

TRACIE MCBEATH (FAIRLEY)                                                           APPELLEE

DATE OF JUDGMENT:                  04/19/2012
TRIAL JUDGE:                       HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:         JACKSON COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:           JAMES NELSON SCARFF II
                                   DAVID NEIL MCCARTY
ATTORNEY FOR APPELLEE:             WENDY WALKER MARTIN
NATURE OF THE CASE:                CIVIL - OTHER
TRIAL COURT DISPOSITION:           ORDER OF CONTEMPT FOR PAST-DUE
                                   CHILD SUPPORT, AWARD OF PAST-DUE
                                   CHILD SUPPORT IN THE AMOUNT OF
                                   $32,130.46, PLUS $2,000 IN ATTORNEY'S
                                   FEES, AND MONTHLY CHILD-SUPPORT
                                   PAYMENTS INCREASED TO $450
DISPOSITION:                       AFFIRMED IN PART; REVERSED AND
                                   REMANDED IN PART - 11/25/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

  EN BANC.

  BARNES, J., FOR THE COURT:

¶1.    Tracie McBeath Fairley and Gregory Dailey had a child born out of wedlock on

November 25, 1992. On May 31, 2001, Tracie filed a petition for custody and other relief.

The parties entered into an agreed order on September 6, 2001, wherein Tracie was granted

primary physical and legal custody of the child, and Gregory was ordered to pay $334 per

month in child support (retroactive to August 2, 2001), $1,750 in back child support, and

one-half of the child's reasonable medical expenses not covered by insurance.

¶2. However, Gregory became extremely delinquent on the ordered child support, and Tracie filed a petition for modification and contempt on December 5, 2005, followed by an amended petition for modification and contempt filed on June 19, 2006. A bench warrant was also issued for Gregory at that time. A third amended petition for modification and contempt was filed by Tracie on November 12, 2009.

¶3. On February 5, 2010, Gregory was found in contempt and ordered to pay a purge amount of $5,000, and the chancery court reset "this matter" for a later date. On April 21, 2010, the chancery court found Gregory in "willful, wanton[,] and contumacious contempt" of the 2001 order, stating:

> [Gregory] never pays his support on time. He has only paid his support when he has been summoned to [c]ourt. He has failed to follow [Uniform Chancery Court] Rule 8.06 and give his change of address to the [c]ourt[,] and the [c]ourt finds that he has on numerous occasions avoided process although he has come to court when served. He has only paid[,] in the last nine years, $9,000.00 towards the support of this now 17 year old child. The support amount that he was ordered to pay in the amount of $334.00 a month certainly is a meager amount to support a 17 year old child. The matter of raising support is not before the [c]ourt.

The chancellor, therefore, granted Tracie a judgment of $35,695 ($27,486 in past child support, $7,000 in attorney's fees, $900 in investigative fees to locate Gregory, and $309 in court costs), plus eight percent interest from the date of the order. The chancery court also ordered Gregory incarcerated until he paid a purge amount of $11,898.33, which he promptly paid. Gregory was ordered to pay an additional $200 on top of his monthly child-support payments of $334 to reduce the remaining arrearage.

2

¶4.     On June 21, 2011, Tracie filed another petition for modification and contempt, asserting that since the first contempt proceeding a year prior, Gregory had only paid $1,600 in child support, and he had paid nothing towards the arrearage. She also claimed that a modification of child support was warranted due to a material change in circumstances, specifically the increased needs of the child, such as "college expenses, car insurance, and extracurricular activities."

¶5.     A hearing on the petition was held April 19, 2012. Tracie's counsel asserted a motion to compel discovery, claiming that when she had finally received an answer from Gregory a week prior to the hearing, there was no proper documentation (tax returns, check stubs, etc.) included. She also claimed that Gregory had purposely eluded investigators, giving them false information, and that he was hiding assets. Gregory failed to appear at the hearing. His counsel, however, was present and acknowledged that Gregory had not filed tax returns for the last seven years. Gregory's counsel complained that counsel opposite had not been communicating with him and that he had been unable to depose Tracie, even though he had been trying for months.

¶6.     As a result, both parties requested a continuance, but the chancellor denied the motions and proceeded with the hearing, despite the protestations by his counsel that Gregory was not present. Tracie testified at the hearing that an increase in child support was needed because the child was now in college, and there had been no increase in child support since 2001. At the conclusion of Tracie's testimony (since Gregory had failed to make an appearance), the chancellor issued a bench ruling, holding Gregory in contempt and ordering

3

Gregory incarcerated until he paid a purge amount of $15,000.[1] The chancellor indicated that the modified monthly child-support payment would be increased to $583, and he reduced Gregory's additional monthly arrearage obligation from $200 to $100. Gregory was also ordered to pay one-half of the child's college expenses.

¶7.     The final judgment was entered on July 24, 2012. The order noted that, as of the April 19, 2012 hearing, Gregory was $24,114.46 (including interest) in arrears for child support. The chancellor found: "[Gregory] now owes an additional $8,016 in child support[,] plus $2,000 in attorney fees[.]" The chancellor awarded Tracie an additional judgment of $10,016, plus interest of two and one-half percent. Gregory was ordered incarcerated until he paid the purge amount of $15,000, and he was also ordered to pay one-half of the child's college expenses. However, deviating from the court's bench ruling, the order entered by the chancellor only increased Gregory's monthly child-support payment to $450.[2] Gregory now appeals the chancery court's July 24, 2012 order, specifically the increase in monthly child support from $334 to $450 and the award of attorney's fees to Tracie; he does not, however, challenge the arrearage of child support and the finding of contempt.

¶8.     Finding that the chancellor failed to make specific findings of fact to support the modification of child support and the deviation from statutory guidelines, we reverse and

----

[1] The judgment of incarceration was stayed for thirty days.

[2] It is not clear from the record why the modified amount of monthly child support ($450) in the July 24, 2012 order was decreased from the amount indicated by the court at the April 2012 hearing ($538). Regardless, the monthly child-support payments were increased from $334 to $450, and it is from that modification that Gregory appeals.

4

remand for further proceedings consistent with this opinion. As to the issue of attorney's fees, we find no abuse of discretion in the award of attorney's fees to Tracie based on the court's finding of contempt and affirm the judgment in part on this ground. However, we decline to grant Tracie's request for attorney's fees on appeal.

## DISCUSSION

**I.      Whether the chancery court's denial of a motion for a continuance was an abuse of discretion.**

¶9.      Gregory's counsel made an appearance on his behalf at the April 19, 2012 hearing, evidently expecting that the chancery court was only going to address the motions for discovery and grant the parties' motions for a continuance. However, the chancellor refused to continue the proceedings and denied both parties' motions. Although counsel argued that Gregory was located three hours away in Madison, Mississippi, as were the attorney's files for the case, the chancellor advised the parties to prepare for trial and to attempt to reach an agreement. He admonished:

> I'm going to continue with the case and you have no authority to release your client. I have that trouble in other cases and it's my policy to go forward. . . . And I'm not going to play games with discovery. . . . Y'all should have cooperated with each other. I'm going to try the case, so just get your stuff ready.
>
> . . . .
>
> Now, what I will do is give y'all a chance to visit to see if you can resolve the matter. And it may be that you can talk to your client by phone. I will not tolerate from either one of you all the failure to cooperate and discuss a case.

¶10.      On appeal, Gregory argues that the chancellor's denial of a continuance, which gave

5

his counsel only seventeen minutes to prepare for trial, was "an inherent abuse of discretion" and that he was "ambushed" and "unable to defend himself." A chancellor's decision to deny a motion for a continuance is reviewed for abuse of discretion. *Sizemore v. Pickett*, 76 So. 3d 788, 794 (¶14) (Miss. Ct. App. 2011) (citing *Robinson v. Brown,* 58 So. 3d 38, 42 (¶10) (Miss. Ct. App. 2011)). Absent a finding of prejudice, we will not reverse the denial of a continuance. *Robinson*, 58 So. 3d at 42 (¶10).[3]

¶11. While the chancellor's decision to proceed with the hearing without Gregory present may appear harsh, we find that it was not an abuse of discretion. Gregory and his counsel should have been prepared for the possibility that the motions for a continuance would be denied. Gregory was obviously aware of the hearing, as his counsel was in attendance to represent him. Gregory does not contend that he was unable to attend the hearing, and he knew that he owed the prior judgment to Tracie and that the hearing had been scheduled for several months. Furthermore, the record shows that the chancery court had previously granted a continuance on August 17, 2011, and the chancellor noted at the hearing that the case had been set since February 21, 2011.

¶12. Consequently, we find any prejudice suffered by Gregory due to the chancellor's decision to proceed with the hearing was of Gregory's own making, and the chancellor did not abuse his discretion in denying the motions for a continuance.

_____

[3] We find *Owens v. Thomae*, 759 So. 2d 1117 (Miss. 1999), the case cited by Gregory in support of the continuance, distinguishable as it concerned a plaintiff's Mississippi Rule of Civil Procedure 56(f) request for a continuance to obtain further affidavits to refute a motion for summary judgment. Such are not the facts of this case.

**II.    Whether the chancery court's failure to make specific findings of fact regarding the modification of child support, which deviated from the statutory guidelines, warrants reversal.**

¶13.    Gregory argues that the chancellor's modification of child support should be reversed and remanded because the chancellor failed to make specific findings of fact as to why the increase in Gregory's child-support obligation was in excess of the statutory guidelines.[4] Mississippi Code Annotated section 43-19-101(1) (Supp. 2012) establishes a rebuttable presumption that where one child is due support, the award of child support should be fourteen percent of the noncustodial parent's adjusted gross income.  However, "[a] chancery court may deviate from the statutory guidelines if it makes 'an on-the-record finding that it would be unjust or inappropriate to apply the guidelines in the instant case.'"  *Curry v. Frazier*, 119 So. 3d 362, 366 (¶15) (Miss. Ct. App. 2013) (quoting *Garcia v. Garcia,* 97 So. 3d 109, 112 (¶12) (Miss. Ct. App. 2012)).  If there is "a substantial or material change in the circumstances of one or more of the interested parties: the father, the mother, and the child or children, arising subsequent to the entry of the decree to be modified," a chancellor may modify child support.  *Id*.

¶14.    In the present case, the amount of child support awarded ($450) by the chancellor in the July 24, 2012 order was significantly greater than fourteen percent of Gregory's reported

---

[4] We note that, had Gregory wished, he could have filed a post-judgment motion under Mississippi Rule of Civil Procedure 52(a), which states:  "In all actions tried upon the facts without a jury the court may, *and shall upon the request of any party* to the suit or when required by these rules, *find the facts specially and state separately its conclusions of law thereon* and judgment shall be entered accordingly." (Emphasis added).

monthly gross income of $1,505. Yet neither the chancellor's bench ruling nor the final order contained any specific findings of fact as to why Gregory's monthly child-support obligation was increased. At the hearing, the chancellor simply said:

| THE COURT: | What amount of support is he paying now? What's the amount per month? |
| --- | --- |
| [TRACIE'S COUNSEL]: | Three hundred and thirty-four when he pays it. |
| THE COURT: | All right. His child support will be increased to [$]583 a month from that amount. |

Other than clarifying that this amount did not include $100 in arrearage payments, the chancery court made no findings of fact regarding the modification. Additionally, the July 24, 2012 final order only stated: "At the trial, [Gregory] did not file [a Uniform Chancery Court Rule 8.05 financial statement]. Child support is increased to $450.00 per month and [Gregory] is to pay [one-half] of all college expenses to include tuition, books[,] and room and board if necessary."[5]

¶15. In *Klein v. McIntyre*, 966 So. 2d 1252, 1258 (¶20) (Miss. Ct. App. 2007), this Court reversed a modification of child support due to the chancery court's failure to make specific findings of fact as to why the modified payments were lower than the statutory guidelines set forth in section 43-19-101. We concluded: "Without such findings, this Court is unable to determine whether the modification of child support is justified." *Id*.; *see also Yelverton*

_____

[5] Although the trial court stated that Gregory did not file a Rule 8.05 financial statement, the record shows that a rudimentary Rule 8.05 statement was provided as an exhibit.

*v. Yelverton*, 961 So. 2d 19, 27-28 (¶¶13-15) (Miss. 2007) (finding that chancery court's failure to make specific findings for its deviation from the statutory guidelines in awarding child support warranted reversal).

¶16.    "When a chancellor makes a ruling without specific findings of fact and a party raises the issue of the amount of child support awarded, this Court will send the issue back to the lower court for the mandatory specific findings of fact as to why the chancellor deviated from the guidelines." *Morris v. Morris*, 5 So. 3d 476, 495 (¶47) (Miss. Ct. App. 2008) (quoting *McGehee v. Upchurch*, 733 So. 2d 364, 371 (¶37) (Miss. Ct. App. 1999)).  Here, since the chancellor provided no findings of fact (either at the hearing or in the order) as to why the child-support award deviated from the statutory guidelines of section 43-19-101, we are unable to determine from the record what factors the chancery court considered in modifying Gregory's child-support obligation.    Accordingly, we are compelled to reverse the chancellor's order modifying child support and remand the case to the chancery court for further findings on the issue of the child-support modification.

### III.    Whether the chancellor erred in awarding attorney's fees to Tracie.

¶17.    Gregory claims that the award of attorney's fees to Tracie was arbitrary and that the chancellor failed to address the factors set forth in *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).  However, this was not simply a child-support modification proceeding; it was also a contempt proceeding.  As our supreme court recently noted:

> "A party who incurs legal fees as the result of another's conduct may be awarded fees without regard to need." *Bell on Mississippi Family Law* § 10.03[1].  "There have been a number of prior decisions upholding the award

9

of attorney's fees to one party where the other party has been found to be in contempt of court or where that party's actions caused additional legal fees to be incurred." *Chesney v. Chesney,* 849 So. 2d 860, 863 (¶12) (Miss. 2002).

*Huseth v. Huseth*, 135 So. 3d 846, 860 (¶45) (Miss. 2014). "[A]ttorneys' fees are properly assessed against a party found to be in contempt." *Dickerson v. Dickerson*, 34 So. 3d 637, 649 (¶47) (Miss. Ct. App. 2010) (citing *Mount v. Mount,* 624 So. 2d 1001, 1005 (Miss. 1993)).

¶18. Gregory has consistently defied the chancery court's order that he pay child support, causing Tracie and her attorney to expend time and money to enforce the 2001 agreement through contempt proceedings. Consequently, we find no error in the chancery court's award of attorney's fees to Tracie and affirm the judgment in part on this issue.

### IV. Whether Tracie should be awarded attorney's fees on appeal.

¶19. Tracie argues that she is entitled to $5,000 in attorney's fees on appeal because Gregory's claim is frivolous under Rule 38 of the Mississippi Rules of Appellate Procedure, which provides: "In a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." The comment to Rule 38 explains that "damages to be awarded may include attorneys' fees and other expenses incurred by an appellee." The evaluation of whether an appeal is frivolous under Rule 38 is conducted "using the same standard that applies under Rule 11 of the Mississippi Rules of Civil Procedure." *Balius v. Gaines*, 95 So. 3d 730, 732 (¶10) (Miss. Ct. App. 2012) (citing *Harris v. Harris,* 988 So. 2d 376, 380 (¶16) (Miss. 2008)). "Accordingly, an appeal is frivolous under Rule 38 where the appellant has no hope

10

of success." *Id.* Since we have concluded that Gregory has brought a valid issue on appeal that warrants reversal, total reimbursement of Tracie's attorney's fees would not be merited on appeal under Rule 38.

¶20. Tracie alternatively argues she is entitled to attorney's fees in the amount of $1,000, one-half of what she was awarded below. Generally, attorney's fees on appeal are awarded "in the amount of one-half of what was awarded in the lower court." *Makamson v. Makamson*, 928 So. 2d 218, 222 (¶18) (Miss. Ct. App. 2006) (citing *Monroe v. Monroe,* 745 So. 2d 249, 253 (¶17) (Miss. 1999)). However, "[a]ttorney's fees are based upon necessity rather than entitlement." *Id.*

¶21. In *Parker v. Bliven*, 59 So. 3d 619, 623 (¶24) (Miss. Ct. App. 2010), this Court awarded appellate attorney's fees when "the chancellor found that Bliven was entitled to an award of attorney's fees because of Parker's contempt and misconduct." *See also Webster v. Webster*, 17 So. 3d 602, 610 (¶21) (Miss. Ct. App. 2009) (awarding one-half attorney's fees on appeal without any discussion as to whether inability to pay or a finding of contempt was the reason for the award). But, in *McDonald v. McDonald*, 69 So. 3d 61, 68 (¶17) (Miss. Ct. App. 2011), we declined to award one-half of the attorney's fees on appeal because the chancellor specifically stated that the attorney's fees were being awarded *due to the finding of contempt* and defendant's failure to pay the plaintiff, *not the plaintiff's inability to pay*.

¶22. Here, there was no discussion by the chancellor at the 2012 hearing or in the July 24, 2012 order regarding Tracie's inability to pay her attorney's fees. However, in the April 2010 order, the chancellor had awarded Tracie $7,000 in attorney's fees "due to the

11

egregious conduct of the [d]efendant."  Furthermore, in Tracie's July 21, 2011 petition for modification and contempt, she specifically argued that attorney's fees should be awarded "due to the [r]espondent's willful refusal to support his child."  Therefore, we must assume that the chancellor awarded attorney's fees based on his finding of contempt and Gregory's obstinate refusal to pay child support; not based on Tracie's inability to pay.  In the present appeal, Gregory has not challenged the order of contempt, but rather the modification of child support; therefore, the reason for which attorney's fees were granted is not at issue on appeal.

¶23.    Accordingly, we decline to award Tracie attorney's fees on appeal.

¶24.    **THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**