# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00054-COA

**JOHN MARK RILEY, JR.**                                              **APPELLANT**

**v.**

**BETTY MERANDY RUSSELL RILEY**                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/22/2014 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH PRESTON DURR |
| | CHELI KELLEMS DURR |
| | W. BRADY KELLEMS |
| ATTORNEY FOR APPELLEE: | CHRISTOPHER RANDALL PURDUM |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | APPELLANT FOUND TO BE IN CONTEMPT OF A PRIOR ORDER OF THE CHANCERY COURT, AND ATTORNEY'S FEES AWARDED TO THE APPELLEE |
| DISPOSITION: | AFFIRMED - 08/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

¶1.    John Mark Riley Jr. appeals from the trial court's order granting, in part, Betty Merandy Russell Riley's petition for contempt and other relief.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    John and Betty were married on April 5, 1996.  Four children were born to the marriage.  The parties were divorced on July 24, 2006.  The judgment of divorce incorporated and ratified a child-custody, child-support, and property-settlement agreement

that had been entered into by the parties. On January 3, 2012, the parties entered into an agreed order of modification.

¶3. On July 1, 2014, Betty filed a petition for contempt and other relief claiming that John was in contempt of the agreed order of modification by failing to provide health insurance for their four minor children. Betty also claimed that John was in contempt for failing to pay his portion of the four minor children's private-school tuition to Prentiss Christian School. Betty also sought reimbursement for certain medical expenses and extracurricular-activity expenses of the children. On September 15, 2014, John filed an answer and petition for modification and contempt. A hearing was held on November 17, 2014.

¶4. After considering all the evidence and testimony that had been presented, as well as arguments of counsel, the trial court found John to be in open and willful contempt of the agreed order of modification. The trial court found that Betty had paid $30,300.40 for their children's tuition at Prentiss Christian School. The trial court determined that John had not paid any tuition whatsoever for their children. The trial court ordered John to pay $15,150.20, representing half of the tuition payments Betty had paid.

¶5. The trial court also found that John failed to provide health insurance for the children as required by the agreed order of modification. The trial court ordered John to provide the same health insurance for the children that had been provided while he was at his former employment. The trial court denied Betty's claims against John for the children's unpaid medical bills and extracurricular-activity costs. The trial court dismissed John's petition for

2

modification and contempt.[1]

¶6.     The trial court also ordered John to pay $2,000 in attorney's fees "for the necessity of [Betty] filing [her contempt] action." The trial court ordered John to be incarcerated in the county jail until he purged himself of his contempt by paying the sum of $17,150.20 and providing health insurance for the children.

¶7.     John appeals from the trial court's order raising two issues for this Court's review: (1) whether the trial court erred in finding John in open and willful contempt for his failure to pay his children's private-school tuition; and (2) whether the trial court erred in awarding attorney's fees to Betty.

**STANDARD OF REVIEW**

¶8.     "The scope of review in domestic cases is limited." *Bounds v. Bounds*, 935 So. 2d 407, 410 (¶6) (Miss. Ct. App. 2006). This Court will not reverse the finding of the trial court unless it abused its discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. *Id*. (citing *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994)).

¶9.     "Contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than are we." *Williamson v. Williamson*, 81 So. 3d 262, 266 (¶11) (Miss. Ct. App. 2012) (citing *Morreale v. Morreale*, 646 So. 2d 1264, 1267 (Miss. 1994)). "Contempt is to be determined upon the facts of an individual case and is a matter

---

[1] John did not raise an issue on appeal regarding the trial court ordering him to provide health insurance nor the dismissal of his petition for modification and contempt. Also, Betty did not raise an issue on appeal regarding the trial court's decision denying her claim for the payment of medical bills and extracurricular-activity costs.

3

for the trier of fact." *Id.* at 266-67 (¶11) (citing *Milam v. Milam*, 509 So. 2d 864, 866 (Miss. 1987)). "This Court will not reverse a contempt citation where the [trial court's] findings are supported by substantial credible evidence." *Witters v. Witters*, 864 So. 2d 999, 1004 (¶18) (Miss. Ct. App. 2004) (citing *Varner v. Varner*, 666 So. 2d 493, 496 (Miss. 1995)).

## DISCUSSION

### I.      Whether the trial court erred in finding John in contempt for failure to pay for his children's private-school tuition.

¶10.    John argues the trial court erred in finding him in contempt for failure to pay for his children's private-school tuition. Specifically, John argues that a condition precedent of the agreed order of modification was not met because there was no evidence presented that the children chose to go to Prentiss Christian School.

¶11.    The following portion of the agreed order of modification outlined John and Betty's obligations relating to their children's private-school enrollment and tuition:

> In August of 2012, if the four minor children of the parties choose to attend Prentiss Christian School in Prentiss, Mississippi, the minor children shall be enrolled by Father, listed under Father's account at the school. Mother shall be responsible for one-third of the tuition and other fees associated therewith, and Father shall be responsible for one-third of the tuition and other fees associated therewith. Candy Riley shall be responsible for one-third of the tuition and other fees associated therewith for her children. In the event of a divorce of Candy and John Mark Riley, then John and [Betty] will split costs of the four kids that they have together.

¶12.    The agreed order included a nonparty, Candy Riley, who is John's current wife. The agreed order contemplated that after the children were all enrolled under a single account, Candy would pay the remaining one-third of the children's tuition because she had two children, who were also attending Prentiss Christian School. This arrangement was to be

financially beneficial to John, Candy, and Betty. Evidence presented at the hearing showed that Candy, John, and Betty would be able to receive a discounted group tuition rate by John and Betty's four children and John's two stepchildren with Candy all being listed under a single account.

¶13. Betty testified that John was the only individual who had the authority to list all six children under a single account under his name due to his relationship to the children as their father and stepfather. Candy testified that she withdrew her children from Prentiss Christian School before the 2012-2013 school year.

¶14. John never enrolled his two stepchildren and four children with Betty and listed them on his account to obtain the discounted group tuition rate. John failed to comply with the agreed order of modification by not enrolling his and Betty's children and listing them under his account. Furthermore, evidence was presented that John did not pay any amount of tuition for his four children with Betty. Because John's wife, Candy, withdrew her children from Prentiss Christian School before the 2012-2013 school year, she did not make any contribution to the tuition payments either.

¶15. The trial court found that the children had chosen to go to Prentiss Christian School because Betty testified that her and John's children had attended Prentiss Christian School since 2010. Therefore, John's argument about the condition precedent not being met because the children had not chosen to attend the school is without merit.

¶16. The trial court found that John was responsible for one-half the tuition costs that had been paid by Betty, rather than one-third, because Candy's two children were withdrawn

5

from the school prior to the 2012-2013 school year. Accordingly, the trial court ordered John to pay $15,150.20 to Betty, representing one-half of the tuition payments that she had paid for her and John's four children to attend the school.

¶17. "It is well settled that [trial courts] are afforded wide latitude in fashioning equitable remedies in domestic relations matters." *Finch v. Finch*, 137 So. 3d 227, 232 (¶10) (Miss. 2014). We find that the trial court did not abuse its discretion in finding John in contempt for failing to pay for his children's private-school tuition and ordering him to pay one-half of the tuition that Betty had paid. The trial court fashioned an equitable remedy by ordering John to pay one-half of the tuition costs rather than one-third as mentioned in the agreed order of modification. Certainly this remedy avoided an inequitable result, because John was in contempt by not enrolling his children and listing them under his account; and only Betty had paid for their children's tuition. This assignment of error is without merit.

## II. Whether the trial court erred in awarding attorney's fees to Betty.

¶18. John argues that the trial court erred in awarding attorney's fees to Betty because there was no proof of Betty's attorney's fees being presented at the hearing.

¶19. Attorney's fees are awarded to make the plaintiff whole in contempt actions. *Wilson v. Stewart*, 171 So. 3d 522, 529 (¶21) (Miss. Ct. App. 2014) (citing *Rogers v. Rogers*, 662 So. 2d 1111, 1116 (Miss. 1995)). "When a party is held in contempt for violating a valid judgment of the court, then attorney's fees should be awarded to the party that has been forced to seek the court's enforcement of its own judgment." *Id*. (quoting *Bounds*, 935 So. 2d at 412 (¶18)).

6

¶20. In this contempt action, the trial court determined that an award of $2,000 in attorney's fees was reasonable based on the pleadings that had been filed and a one-day hearing. Mississippi Code Annotated section 9-1-41 (Rev. 2014) provides:

> In any action in which a court is authorized to award reasonable attorneys' fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.

¶21. In *Moseley v. Smith,* 180 So. 3d 667, 675 (¶38) (Miss. Ct. App. 2014), this Court found that, "[w]hile there [was] no itemized bill of the legal services [that the plaintiff's] attorney had rendered, the record show[ed] the amount of work [the attorney] performed filing [a] contempt action, responding to [the defendant's] motions, and attending a hearing on [the defendant's] motion to reconsider." This Court held: "Under [section 9-1-41], '[i]n any action in which a court is authorized to award reasonable attorneys' fees,' such as [a] contempt action, the party seeking fees does not have 'to put on proof as to the reasonableness of the amount sought.'" *Id.* " Instead, the court 'shall make the award based on the information already before it and the court's own opinion based on experience and observation[.]'" *Id.* (quoting Miss. Code Ann. § 9-1-41).

¶22. Here, the trial court awarded a reasonable amount of attorney's fees to Betty based on its experience, observation, and the information before it, i.e., the pleadings and a one-day hearing. This issue is also without merit.

**III.    Whether to award Betty appellate attorney's fees.**

7

¶23.    Betty requests in her brief that this Court award her appellate attorney's fees of one-half of $2,000, which was awarded to her by the trial court.  Generally, on appeal this Court awards attorney's fees of one-half of what was awarded in the trial court.  *Parker v. Bliven*, 59 So. 3d 619, 623 (¶24) (Miss. Ct. App. 2010).  In *Parker*, this Court granted the appellee's request on appeal for an award of one-half of the attorney's fees the trial court awarded due to the appellant's contempt.  *Id*.

¶24.    Here, the trial court ordered John to pay attorney's fees because Betty was forced by John's open and willful contempt to file a contempt action against him.  There was no discussion by the trial court regarding Betty's inability to pay her attorney's fees.

¶25.    We acknowledge that this Court has previously declined to award appellate attorney's fees where the award at the trial-court level was based solely on the misconduct of the contemnor and not on the contemnee's inability to pay attorney's fees.  In *Dailey v. McBeath*, 151 So. 3d 1038, 1045 (¶22) (Miss. Ct. App. 2014), this Court concluded that the trial court awarded the mother attorney's fees due to the father's willful failure to pay child support.  However, this Court declined to award the mother appellate attorney's fees of one-half of the trial-level attorney's fees because the award at the trial level was based on the misconduct of the father and not on the mother's inability to pay her attorney's fees.  *Id*. at (¶¶22-23).

¶26.    The *Dailey* court looked to two cases to determine whether to award on appeal one-half of the attorney's fees awarded at trial.  First, this Court looked to *Parker*.  In *Parker*, this Court granted the mother's request on appeal for an award of one-half of the trial-level attorney's fees due to the father's contempt.  *Parker*, 59 So. 3d at 623 (¶24).  The *Parker*

court did not require that the trial court find or that the mother prove financial need for an award of appellate attorney's fees. *Id.* The *Dailey* court, however, found the case of *McDonald v. McDonald*, 69 So. 3d 61 (Miss. Ct. App. 2011), more persuasive.

¶27. In *McDonald*, the trial court held Ed McDonald in contempt for failing to pay his separate-maintenance obligation and awarded attorney's fees to Ed's wife, Cindy McDonald. *McDonald*, 69 So. 3d at 67 (¶15). On appeal, however, this Court declined to award one-half of the attorney's fees awarded to Cindy "[b]ecause precedent dictates that attorney's fees are based on 'necessity rather than entitlement,' and the chancellor did not find that the attorney's fees awarded to Cindy were based on an inability to pay her attorney[.]" *Id*. at 68 (¶17). The *Dailey* court relied on *McDonald* in its decision. We note that *Dailey* is distinguishable from the instant case because, as this Court expressly noted, Gregory Dailey did not challenge the court's finding of contempt, but rather the modification of child support and whether the court erred in awarding attorney's fees for contempt. The attorney's fees for contempt awarded in *Dailey* were a minor issue, presumably not worth half of the amount of attorney's fees that the appellee received in the trial court for litigating the merits of the contempt action.

¶28. The *McDonald* court correctly pointed out that generally attorney's fees are awarded on a need rather than an entitlement basis. *Id.* There is an important exception, however. The *McDonald* court failed to acknowledge that "[t]he purpose of an award of attorney's fees in a contempt action is to make the plaintiff whole." *Howard v. Howard*, 968 So. 2d 961, 979 (¶48) (Miss. Ct. App. 2007) (citation omitted). To achieve this purpose, "[e]stablishment

9

of the *McKee* factors is not necessary for an contemnee to recover attorney's fees where the contemnor has willfully violated a lawful court order." *Id.*; *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982) (stating the factors the trial court should consider when deciding whether to assess attorney's fees). Therefore, a trial court does not have to apply the same considerations in assessing attorney's fees in contempt actions as ordinarily required for an assessment of attorney's fees.

¶29.    More importantly, "[a] specific finding of inability to pay is not required when attorney's fees are assessed against a party found to be in contempt." *Vincent v. Rickman*, 167 So. 3d 245, 251 (¶22) (Miss. Ct. App. 2015) (citing *Mount v. Mount*, 624 So. 2d 1001, 1005 (Miss. 1993)).    Both this Court and the Mississippi Supreme Court have repeatedly held that a party does not have to demonstrate need for the trial court to award attorney's fees. *See, e.g., Huseth v. Huseth*, 135 So. 3d 846, 860 (¶45) (Miss. 2014) (attorney's fees proper in contempt actions regardless of need); *Parker*, 59 So. 3d at 623 (¶24).  Thus, a party does not have an obligation to prove, nor must a trial court find, financial necessity when awarding attorney's fees in contempt actions.

¶30.    Based on this precedent, we will not decline to award one-half of the attorney's fees awarded below in a contempt action based on the trial court's failure to determine if the attorney's fees were financially necessary.  We find that the additional burden of proving financial necessity in a contempt action should not be required.  By its nature, a contempt action does not require financial need and to require this showing on appeal would effectively prevent an appellate court from awarding these fees in appeals of contempt

10

actions. We therefore find that *McDonald* and its progeny should be disregarded on this issue.

¶31. Further, while an award of attorney's fees, even in contempt actions, must be reasonable, there is no indication that the trial court assessed an unreasonable award below or that an award of one-half of those fees by this Court would be unreasonable. *See Hinds Cty. Bd. of Sup'rs v. Common Cause of Miss.*, 551 So. 2d 107, 125 (Miss. 1989) ("[T]he trial court has discretion to award reasonable attorney fees to make the plaintiff whole and to reinforce compliance with the judicial decree[.]").

¶32. Based on the foregoing reasons, we grant Betty's request for appellate attorney's fees of $1,000, or one-half of the attorney's fees awarded below.

¶33. **THE JUDGMENT OF THE CHANCERY COURT OF LAWRENCE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**