# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-EC-02096-SCT

*JUDY SUMNER*

*v.*

*CITY OF COMO DEMOCRATIC EXECUTIVE COMMITTEE AND MAYOR AZRIA LEWERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2006 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEVEN W. PITTMAN |
| | GERALD W. CHATHAM |
| ATTORNEYS FOR APPELLEES: | ELLIS TURNAGE |
| | SANFORD E. KNOTT |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND REMANDED - 01/17/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

*"How little you know about the age you live in if you think that honey is sweeter than cash in hand."  –  Ovid*[1]

¶1.     Judy Sumner's "Petition for Judicial Review of Primary Runoff Election for Mayor, City of Como" was dismissed for lack of subject matter jurisdiction, based upon an alleged failure to comply strictly with the cost-bond provision of Mississippi Code Annotated Section 23-15-927 (Rev. 2007).  From that ruling, this appeal proceeds.

---

[1] Ovid, *Fasti*, bk. I.

## FACTS

¶2.     On May 3, 2005, the primary election for the Democratic nomination for Mayor of the City of Como was held. On May 17, 2005, a runoff election for that nomination was held between Judy Sumner and Azria Lewers. Thereafter, the Como Democratic Executive Committee ("CDEC") met to canvass the votes and certified Lewers as the winner. The CDEC declared that Lewers had received 310 votes and Sumner had received 302 votes.

¶3.     By letter dated June 2, 2005, Sumner submitted a formal protest to the CDEC contesting the election results, alleging "fraud, bribery and that inappropriate ballots were counted." That same day, Sumner gave written notice to the Como Municipal Court Clerk, "requesting a full examination of the mayor's election ballot box and its contents pursuant to Mississippi Code Annotated Section 23-15-911." By letter dated June 6, 2005, the CDEC denied Sumner relief, adding that "[a]ny proof you might have of fraud or bribery needs to be presented before this committee. Any further actions are subject to judicial review." On June 23, 2005, Sumner filed her petition for judicial review, naming CDEC as the only defendant.[2] Along with the petition, Sumner provided a cost bond consisting of $300 cash. On July 1, 2005, this Court entered an order appointing the Honorable Sharion Aycock as Special Judge "to preside and conduct proceedings . . . pursuant to and by authority of Miss. Code Ann. § 23-15-951 and § 9-1-105."

¶4.     At the November 3, 2006, hearing in the Circuit Court of the First Judicial District of Panola County, Mississippi, the CDEC advanced an *ore tenus* motion to dismiss for lack of

---

[2]On January 23, 2006, Sumner filed her amended petition for judicial review, adding Lewers as a defendant.

subject matter jurisdiction, based upon Sumner's alleged failure to comply with the cost-bond provisions of Mississippi Code Annotated Section 23-15-927.[3] The circuit court concluded that:

> the failure to post the bond and to strictly comply with the statute is jurisdictional; that because the bond was not posted, it is a defect that cannot be cured today; and, the [c]ourt is going to dismiss the petition for judicial review in this cause number and in part doing so based on Rule 12(h)(3) which does indicate that, "[i]f the Court lacks jurisdiction, that it shall dismiss the action or transfer it to a court of appropriate jurisdiction." There being no court to transfer this matter to, the matter is dismissed.

The circuit court's order granting the motion to dismiss stated that subject matter jurisdiction was lacking because the cost-bond provision of Mississippi Code Annotated Section 23-15-927 is "jurisdictional, mandatory, and must be strictly construed and complied with." Thereafter, Sumner filed a motion to set aside that order. The circuit court subsequently issued an order denying Sumner's motion, again finding the cost-bond provisions of Mississippi Code Annotated Section 23-15-927 to be jurisdictional and holding that the $300 cash received by the circuit clerk did not satisfy that "mandatory" provision. Furthermore, the circuit court found that Sumner's "failure to post a cost bond as prescribed by Miss. Code Ann. § 23-15-927 (1972) with two (2) or more sufficient sureties is jurisdictional and cannot be cured . . . ." Therefore, the petition for judicial review was dismissed for failure to comply with Mississippi Code Annotated Section 23-15-927 (Rev. 2007).

---

[3]The CDEC maintained that "the cost bond requirement of the statute is mandatory and in this absence of the cost bond and the failure to strictly comply with the statutory requirements, . . . the [c]ourt doesn't have jurisdiction to proceed on this matter."

3

## ANALYSIS

### I. Whether the circuit court properly interpreted and construed the cost-bond provision of Mississippi Code Annotated Section 23-15-927.

¶5.     "In an election contest, the standard of review for questions of law is de novo." *Garner v. State Democratic Exec. Comm.*, 956 So. 2d 906, 909 (Miss. 2007) (citing *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000)).

¶6.     Mississippi Code Annotated Section 23-15-927 states, in pertinent part, that a petition for judicial review of an election contest:

> shall not be filed unless it bear the certificate of two (2) practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained and that the relief therein prayed should be granted, and the *petitioner shall give a cost bond in the sum of Three Hundred Dollars ($300.00), with two (2) or more sufficient sureties conditioned to pay all costs in case his petition be dismissed*, and an additional bond may be required, by the judge or chancellor, if necessary, at any subsequent stage of the proceedings. The filing of such petition for judicial review in the manner set forth above shall automatically supercede and suspend the operation and effect of the order, ruling or judgment of the executive committee appealed from.

Miss. Code Ann. § 23-15-927 (Rev. 2007) (emphasis added). In the case *sub judice*, Sumner provided a cost bond consisting of $300 cash at the time she filed her petition for judicial review, without naming "two (2) or more sufficient sureties conditioned to pay all costs in case [her] petition be dismissed . . . ." Miss. Code Ann. § 23-15-927 (Rev. 2007).

¶7.     Like other provisions in Mississippi Code Annotated Section 23-15-927 which have been deemed jurisdictional,[4] this Court finds that the cost-bond provision also is jurisdictional. However, unlike the circuit court, this Court finds that the cost bond provided by Sumner was sufficient and that it satisfies the jurisdictional requirement of the statute. The lower court's error lies in finding that the $300 cash received by the circuit clerk failed to satisfy the cost-bond provision of Mississippi Code Annotated Section 23-15-927. A bond[5] is a pledge or guarantee for the fulfillment of an undertaking. By paying cash, Sumner completed the undertaking, thus no surety or guarantor was required to promise performance of that which already had been accomplished. As Sumner provided in cash the statutory maximum amount, ipso facto, the cost-bond provision of Mississippi Code Annotated Section 23-15-927 was satisfied.

---

[4]In *Waters v. Gnemi*, 907 So. 2d 307 (Miss. 2005), this Court found the provision providing that the petitioner attach the protest or complaint that had been filed with the executive committee to his petition for judicial review to be a jurisdictional requirement. *See id*. at 319. Similarly, this Court has found the provision regarding the inclusion of "the certificate of two (2) practicing attorneys" with the petition for judicial review to be a jurisdictional requirement. *See id*. at 322.

[5]A "bond" has been defined as "[a] written and sealed obligation, esp. one requiring payment of a stipulated amount of money on or before a given day[,]" Webster's II New College Dictionary 126 (3d ed. 2001); "a written promise to pay a debt or to do some act (e.g., an appeal bond)[,]" Bryan A. Garner, *A Dictionary of Modern Legal Usage* 113 (2d ed. 1995); or "an . . . agreement whereby a person or corporation becomes a surety to pay, within defined limits, for a financial loss suffered by a second person under certain circumstances (e.g., a bail bond, delivery bond, indemnity bond, or judicial bond)." *Id*. *See also* Black's Law Dictionary 416 (4th ed. 1968) (defining "cost bond" as "[a] bond given by a party to an action to secure the eventual payment of such costs as may be awarded against him.").

5

## CONCLUSION

¶8.     For the foregoing reasons, this Court finds that the cost-bond provision of Mississippi Code Annotated Section 23-15-927 is jurisdictional. However, this Court further concludes that the $300 cost bond mandated thereby was satisfied by Sumner, in cash, at the outset. That $300 cash payment, in lieu of a promise to pay, satisfied the cost-bond requirement of Mississippi Code Annotated Section 23-15-927 in its entirety. As such, we reverse and remand to the circuit court for further proceedings in accord with this opinion.

¶9.     **REVERSED AND REMANDED.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH, C.J., NOT PARTICIPATING.**