# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CP-01026-SCT

*NOLAN D. PALMER*

*v.*

*CHUCK McRAE, MICHELLE D. BIEGEL, AND*
*BETTIE RUTH JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/2023 |
| TRIAL JUDGE: | HON. JESS H. DICKINSON |
| TRIAL COURT ATTORNEYS: | MATTHEW WADE GILMER |
| | BARRY W. GILMER |
| | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| | MICHELE D. BIEGEL |
| | W. BRADY KELLEMS |
| | ROBERT G. GERMANY |
| | DANIEL J. MULHOLLAND |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NOLAN D. PALMER (PRO SE) |
| ATTORNEYS FOR APPELLEES: | CHUCK McRAE (PRO SE) |
| | W. BRADY KELLEMS |
| | MICHELE D. BIEGEL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 12/05/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1. Nolan D. Palmer appeals the circuit court's order enforcing sureties' liability. Because Palmer failed to appear or otherwise defend the motion in the circuit court, his arguments on appeal are waived and procedurally barred. Consequently, the circuit court's order enforcing sureties' liability is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2. The underlying controversy arises from a fee dispute among attorneys Barry Wade Gilmer (Barry), Seth Little (Little), and Chuck McRae (McRae). *Biegel v. Gilmer*, 329 So. 3d 431, 432 (Miss. 2020). "McRae sued [Barry] in the Hinds County Chancery Court, claiming unjust enrichment and seeking an accounting." *Id.* Barry later filed a complaint in the Madison County Circuit Court against Little, McRae, and McRae's attorneys, Michele Biegel (Biegel) and Bettie Ruth Johnson (Johnson). *Id.* "McRae requested that the claims against him be transferred to the Hinds County Chancery Court[.]" *Id.* "The Madison County Circuit Court ordered the entire suit, including the claims against Biegel and Johnson, transferred." *Id.* "The circuit court denied Biegel and Johnson's motion to reconsider." *Id.* "This Court granted interlocutory appeal[.]" *Id.*

¶3. On interlocutory appeal, this Court "reverse[d] the circuit court's transfer of the claims against Biegel and Johnson and remand[ed] the case to the Madison County Circuit Court for further proceedings[.]" *Id.* at 434. Barry was taxed with the costs of appeal.

¶4. On remand, the Madison County Circuit Court found Barry's complaint against Biegel and Johnson was frivolous and dismissed the complaint as to Biegel and Johnson. *Gilmer v. McRae*, 355 So. 3d 219, 224 (Miss. 2022). The circuit court "issued an order requiring [Barry] to pay Biegel and Johnson the cost of the appeal."[1] *Id.* The circuit court "also

---

[1] The "Judgment for Costs of Appeal" taxed Barry with "the sum of $910.00 together with interest at the annual rate of 5% . . . from and after the entry of" the judgment.

ordered [Barry] to pay Biegel and Johnson each $6,000 for the costs accrued from [Barry]'s suit."[2] *Id.*

¶5.    Barry timely filed a notice of appeal. *Id.* He later filed an appeal bond with supersedeas. The appeal bond with supersedeas was signed by Barry, as principal, Matthew Gilmer (Matthew), as surety, and Palmer, as surety. The appeal bond with supersedeas was filed stamped by the circuit clerk's office, entered on Mississippi Electronic Courts (MEC), and forwarded to this Court. The appeal bond with supersedeas, however, was never signed by the circuit clerk.

¶6.    On appeal, this Court affirmed the circuit court's orders.[3] *Id.* Biegel and Johnson then filed a motion to enforce sureties' liability. In their motion, Biegel and Johnson asserted that Barry had failed to satisfy the judgments and orders entered by the circuit court. As a result, they moved to enforce the liability of the sureties, Matthew and Palmer.

¶7.    After a hearing, the circuit court found that the bond was not enforceable as a supersedeas because Matthew had not signed the bond—his name was forged. But the circuit court found that the bond was enforceable as a contract and that Barry and Palmer were liable for the full amount, plus 6 percent interest.

¶8.    Palmer timely appealed. On appeal, Palmer argues (1) he was denied due process, (2) the bond was invalid, and (3) the circuit court erred by finding the bond was enforceable as

_____

[2] The "Order Awarding Fees and Expenses" ordered Barry to pay $6,000 to Biegel and $6,000 to Johnson, with 5 percent interest from and after December 4, 2020.

[3] Barry was once again taxed with the costs of appeal.

a contract.

## STANDARD OF REVIEW

¶9.     This Court "employ[s] the *de novo* standard of review to the trial court's construction of the supersedeas bond." *City of Belzoni v. Johnson*, 121 So. 3d 216, 219 (Miss. 2013).

## DISCUSSION

¶10.    A "'[s]upersedeas bond' is defined as '[a]n appellant's bond to stay execution on a judgment during the pendency of the appeal.'" *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 449-50 (Miss. 2012) (alteration in original) (quoting *Supersedeas Bond*, Black's Law Dictionary (9th ed. 2009)). "Breaking down the term even further, the word 'supersedeas' means a 'writ or bond that suspends a judgment creditor's power to levy execution' on a judgment that is being appealed." *Id.* at 450 (quoting *Supersedeas*, Black's Law Dictionary (9th ed. 2009)). "A 'bond' is a 'written promise to pay money' upon the occurrence of a specified event or after a certain length of time." *Id.* (quoting *Bond*, Black's Law Dictionary (9th ed. 2009)). "This Court has defined a 'bond' as 'a pledge or guarantee for the fulfillment of an undertaking.'" *Id.* (quoting *Sumner v. City of Como Democratic Exec. Comm.*, 972 So. 2d 616, 619 (Miss. 2008)). "Thus, a supersedeas bond is not cash, but instead, it is a written guarantee of payment that serves to stay execution of a judgment being appealed." *Id.* The appellant files "an 'appeal bond with supersedeas' in the court from which the appellant appealed." *Id.* (citing Miss. R. App. P. Appendix I, Form 5). "Without this, the perfected appeal would proceed without

4

a stay." ***Id.***

¶11.    "A supersedeas bond is a contract." ***City of Belzoni***, 121 So. 3d at 219 (citing

***Shoebridge v. Will C. Hartwell Realty & Ins. Co.***, 244 Miss. 630, 143 So. 2d 432, 434

(1962)).  "[S]ureties . . . are bound by their contract to stand liable as sureties for the

principal named in the bond[.]" ***Shoebridge***, 143 So. 2d at 434.

       I.       *Whether Palmer was denied due process.*

¶12.    Palmer argues that assuming the circuit court was correct to enforce the bond as a

contract, he "was not afforded proper due process because he was not served with the usual

due process that accompanies a suit for damages arising from a contract."  Alternatively,

Palmer argues that assuming the bond was valid, then "a proper writ of execution should

have been served upon [him] giving [him] a date, time, and place to appear and contest the

execution."  Palmer claims that either way, "no original process was issued or served upon

[him] as it relates to the bond."  As a result, he asserts the circuit court's order should be

reversed and rendered with "[him] ow[ing] nothing to [McRae, Biegel, and Johnson]."  We

disagree.

¶13.    Mississippi Rule of Appellate Procedure 8 addresses a stay of execution of a money

judgment pending an appeal.  Under Mississippi Rule of Appellate Procedure 8(d),

> Relief available in the Supreme Court or the Court of Appeals under this rule may be conditioned upon the filing of a bond or other appropriate security in the trial court. If the security is given in the form of a bond or stipulation or undertaking with one or more sureties, each surety submits itself to the jurisdiction of the trial court and irrevocably appoints the clerk of the trial court as its agent upon whom any papers affecting its liability on the bond or

undertaking may be served. The surety's liability may be enforced on motion in the trial court without the necessity of an independent action. The motion and notice of the motion may be served upon the clerk of the trial court, who shall forthwith mail copies to the sureties if their addresses are known.

Miss. R. App. P. 8(d).

¶14.    As Rule 8(d) clearly states, enforcement of a surety's liability is not a separate, independent cause of action that requires original service of process. Miss. R. App. P. 8(d). Instead, the motion to enforce the surety's liability and notice of the motion are served upon the trial court clerk, who then mails copies to the surety if his or her address is known. *Id.*

¶15.    Here, Palmer does not deny or dispute that he signed the bond. Thus, when he signed the bond as a surety for Barry, Palmer "submit[ted] [himself] to the jurisdiction of the [Madison County Circuit Court] and irrevocably appoint[ed] the [Madison County Circuit] [C]lerk . . . as [his] agent upon whom any papers affecting [his] liability on the bond or undertaking may be served." Miss. R. App. P. 8(d). The record reflects that the Madison County Circuit Clerk was served with the motion to enforce sureties' liability and mailed Palmer a copy of the motion, along with a notice of hearing on the motion.[4]

¶16.    Because Palmer was provided a copy of the motion to enforce sureties' liability and the notice of hearing as required under Rule 8(d), his due process argument fails.

    II.    *Whether the bond was invalid.*

---

[4] Notably, the address used by the circuit clerk is the same address used by Palmer in his pro se brief to this Court. Thus, there is no doubt that the address where the motion and notice of hearing were mailed is correct.

> III. *Whether the circuit court erred by finding the bond was enforceable as a contract.*

¶17. Palmer argues that because the bond was never signed or issued by the circuit clerk, it is invalid. Palmer further argues that the circuit court erred by finding the bond was enforceable as a contract because the bond "included only one valid surety."

¶18. But the record reflects that despite service of the motion to enforce sureties' liability and the notice of hearing, Palmer failed to appear at the hearing or otherwise defend the motion in the circuit court. Palmer also failed to file any post-trial motions after the circuit court entered its order enforcing sureties' liability. Instead, Palmer waited to assert his arguments on appeal.

¶19. While the arguments Palmer asserts on appeal were raised in and addressed by the circuit court, they were not asserted by Palmer. Instead, those arguments were asserted by Matthew. Now, on appeal, after an adverse ruling, Palmer simply uses the same arguments that Matthew asserted in the circuit court, i.e., that the bond was not issued or approved and that the bond was signed by only one surety.

¶20. In *Green v. Green*, Lakeisha Green failed to appear at the hearing on the merits of her divorce action despite receiving notice of the hearing. *Green v. Green*, 349 So. 3d 1187, 1193 (Miss. Ct. App. 2022). After the chancery court entered a judgment for divorce, "Lakeisha filed no post-trial motions." *Id.* at 1196. She did, however, file a notice of appeal. *Id.*

¶21. On appeal, the Court of Appeals found Lakeisha "waived her right to challenge the

7

merits of the divorce because of her failure to appear at the . . . hearing on the merits[.]" *Id.* at 1199. But "because [Lakeisha] did challenge the distribution of marital assets during the litigation[,] her failure to appear at trial did not waive this issue on appeal." *Id.* Additionally, the court found Lakeisha's issues were procedurally barred because she failed to cite authority, noting that "[o]ur caselaw clearly provides that the failure to cite supporting legal authority precludes consideration of an issue on appeal." *Id.* at 1199-1200 (internal quotation marks omitted) (quoting *Hardin v. Hardin*, 335 So. 3d 1088, 1094 (Miss. Ct. App. 2022)).

¶22. Here, as in *Green*, Palmer did not appear at the hearing, he did not file any post-trial motions, and he did not cite any caselaw or legal authority in support of the issues.[5] *Id.* at 1196, 1199. And unlike in *Green*, Palmer never challenged the bond during litigation. *Id.* at 1199. Consequently, Palmer has waived his right to challenge the bond on appeal, and his arguments on appeal are procedurally barred. *Id.*

## CONCLUSION

¶23. Palmer was provided a copy of the motion to enforce sureties' liability and the notice of hearing as required under Rule 8(d). Because Palmer failed to appear or otherwise defend the motion in the circuit court, his arguments on appeal are waived and procedurally barred. As a result, the circuit court's order granting the motion to enforce sureties' liability is

---

[5] Palmer uses the same legal authority cited by Matthew in Matthew's brief to the circuit court.

8

affirmed.

¶24.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**